[Crim. No. 255. First Appellate District.—August 18, 1910.]

## THE PEOPLE, Respondent, v. PETER PALASSOU, Appellant.

CRIMINAL LAW—MANSLAUGHTER—DISCHARGE OF PRISONER FOR DELAY OF TRIAL—DISMISSAL—FUTURE PROSECUTION NOT BARRED.—Where a defendant, charged with manslaughter, was upon his own motion discharged from custody, and the information dismissed because he had not been brought to trial within sixty days, as required by law, this was not a bar to a future prosecution under a new information for the same offense.

ID.—PLEAS OF FORMER ACQUITTAL AND ONCE IN JEOPARDY—PROPER INSTRUCTION.—Where the defendant, on account of such discharge and dismissal, interposed pleas of "former acquittal" and of "once in jeopardy," the court had the right to instruct the jury to find a verdict for the people upon the pleas.

ID.—KILLING OF WIFE—EVIDENCE—PRIOR ASSAULT—STATEMENTS OF DEFENDANT—MODIFICATION OF REQUESTED INSTRUCTIONS.—Where defendant was charged with manslaughter in killing his wife, and the daughter testified to statements made by him to her, when she went to her mother after hearing her cry from the effects of a prior assault defendant had just made upon her, a requested instruction for defendant as to such statements was properly modified by omitting matter of argument, and as to the effect of evidence, and where, as so modified, the jury was charged that such statements could only be considered for the purpose of showing his conduct when they were made, it was as favorable as to defendant as he had any right to expect under the circumstances.

ID.—EVIDENCE OF THREATS OF DECEASED—REQUESTED INSTRUCTION PROPERLY REFUSED.—Where the evidence conflicts as to whether the wife's death was accidental or was the result of a blow from the defendant, the jury had the right to consider evidence of

previous threats made by defendant against his wife, in deter-
mining whether or not the blow given by him was intentional and
unlawful or accidental; and the court properly refused a re-
quested instruction that evidence of such threats could only be
considered upon the question of intent or motive.

ID.—EVIDENCE OF BRUTAL COURSE OF CONDUCT TOWARD WIFE—MOTIVE
FOR DEATH.—Evidence was properly allowed to show a brutal
course of conduct of defendant toward his wife, on numerous prior
occasions, which ultimately culminated in her death, not for the
mere purpose of showing distinct and unconnected crimes, but as
shedding light on the question as to defendant's motive, and
whether or not the death was the result of a blow or of an acci-
dent. Evidence which shows a motive, or throws light upon the
facts and circumstances leading up to the particular crime, is
admissible, although the acts and conduct on prior occasions may
of themselves have constituted a distinct crime.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco, and from an order deny-
ing a new trial. George H. Cabaniss, Judge.

The facts are stated in the opinion of the court.

Carroll Cook, and Wm. Tomsky, for Appellant.

U. S. Webb, Attorney General, and J. Charles Jones, for
Respondent.

COOPER, P. J.—Defendant appeals from a judgment con-
victing him of the crime of manslaughter and from the order
denying his motion for a new trial.

The court correctly refused the instruction requested by
defendant's counsel by which it was sought to leave the jury
to pass upon the question as to whether or not the special
pleas, interposed by defendant, of a former acquittal and of
once in jeopardy had been proven, and in lieu thereof in-
structed the jury to find for the people upon both such pleas.
There was no conflict in the evidence, which was to the effect
that the defendant had upon the prior occasion been in jail,
charged with the same offense for which he was here tried,
and was upon his own motion discharged and the information
dismissed because he had not been brought to trial within
sixty days as required by law. This was not a bar to a future

prosecution under a new information for the same offense (Pen. Code, sec. 1387; *In re Bergerow,* 136 Cal. 293, [68 Pac. 773]), and the court had the right to instruct the jury to find a verdict for the people upon the pleas. (*People* v. *Ammerman,* 118 Cal. 28, [50 Pac. 15].)

It is claimed that the court erred in eliminating certain parts of defendant's requested instruction numbered 34, and in giving the instruction with the omission of the said parts. The instruction as requested and as given related to the testimony of defendant's daughter Emelie as to certain statements made by deceased, who was the mother of Emelie and the wife of defendant, the statements having been made at a time when Emelie went to her mother after hearing her mother cry from the effects of an assault defendant had just made upon her. The jury were told by the instruction as given that the statements made by the deceased in the presence and hearing of the daughter were admitted for the sole purpose of showing the conduct of the defendant at the time such statements were made. The eliminated portions of the instruction contained matter argumentative and charging as to the effect of the evidence. In the eliminated portion the court was requested to tell the jury that the statements heard by the daughter and to which she had testified could not be considered by the jury as "tending to prove their truthfulness or any other fact than the one for which they were admitted." The instruction as given plainly charged the jury that the statements could not be considered by the jury for any other purpose except for the one purpose of showing the conduct of the defendant at the time of such statements. This was certainly as favorable to defendant as he had the right to expect under the circumstances.

The court refused to give the following instruction asked by defendant: "Any evidence introduced here on this trial as to threats previously made by the defendant cannot be used or considered by the jury in determining whether a blow was inflicted by the defendant or not; such evidence must be limited by them to the question of intent and motive"; and such refusal is now claimed as error. In our opinion—conceding there was a conflict in the evidence as to whether or not defendant gave the blow which killed the deceased, or

conceding there was a conflict in the evidence as to whether death was accidentally produced or produced by a blow from defendant—the jury had the right to take into consideration the threats previously made by defendant. The jury had the right to consider any prior threats made by defendant in determining the question as to whether or not the blow given by the defendant was intentional and unlawful, or accidental. The court elsewhere instructed the jury that if the deceased came to her death by reason of a fall with which defendant had nothing to do he could not be convicted; that if the deceased died as the result of a blow inflicted by defendant he could not be convicted of murder in any degree unless the jury should find beyond all reasonable doubt that the blow was given with malice aforethought and with the intent to kill.

It is said in the brief of appellant that the court allowed "a vast amount of evidence to be introduced as to other transactions remote and entirely disconnected from the acts with which he was charged." The only instance to which our attention is particularly called in the brief as to other remote and disconnected transactions is as to a question asked defendant's daughter Emelie while being examined in chief by the district attorney. The witness had testified as to certain conduct and acts of defendant and as to certain acts of cruelty to deceased by defendant, such as threatening to choke her upon one occasion when he caught her around the neck, throwing a plate at her, and upon one occasion taking a knife and threatening to "cut her insides out." The witness was then asked the following question: "Did you upon any other occasion during the year preceding than you have mentioned hear your father do anything, or hear your father say anything to your mother with reference to what he was going to do to her?" The question was objected to upon the ground that it was leading, incompetent and irrelevant, and not within the issues. The objection was overruled and the witness answered as follows: "Yes, sir. One day my father came home from the milk wagon about 3 o'clock. He was angry over something, and he went and kicked my mother in the side, and threw her over and dragged her all around the place. Then he left her and came down into the stable about

4 o'clock. I started to do some work, and he went back home again the second time. Mamma was sitting in the chair. I watched him through the barn to see if he was going to strike her the second time, and he went up again and caught her around the neck and he dragged her again around on the floor, and I went and told him to leave her go. He came back to the stable the second time. He went back a third time to the house and my brother and I followed him. Just as we got in the room we heard mamma scream. We went up the front way and he had her in the bed and he was choking her. He had her on the floor.''

The court correctly overruled the defendant's objection to the question, and committed no error in denying a motion to strike out the answer of the witness. The evidence was not allowed for the purpose of showing a distinct and unconnected crime, but for the purpose of showing the course of conduct of the defendant toward his wife on prior occasions which ultimately culminated in her death. Such conduct and such acts leading up to and directly connected with the crime with which the defendant is charged would certainly shed light upon the questions as to the defendant's motive and as to whether or not the death was the result of defendant's blow or of an accident. It is not a case of where the court allowed proof of a separate and distinct crime not connected with the offense for which the defendant was being tried. And the courts have uniformly held that evidence which shows a motive or throws light upon the facts and circumstances leading up to the particular crime is admissible, although the acts and conduct on prior occasions may have of themselves constituted a distinct crime.

Our attention not being called to the other alleged rulings upon the admission of evidence except by reference to folios of the transcript where it is said the erroneous rulings may be found, we do not deem it our duty to search for and discuss the other rulings which have not in any way been discussed by counsel. Particularly is this so in this case, where counsel for appellant states in his brief that the alleged erroneous rulings are all in regard to the same class of evidence as the ruling we have just discussed.

The judgment and order are affirmed.

Kerrigan, J., and Hall, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on September 16, 1910, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 13, 1910.