[Crim. No. 3345. In Bank.—September 30, 1930.]

THE PEOPLE, Respondent, v. JAMES H. DAWSON, Appellant.

John F. Groene for Appellant.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, and Alberta Belford for Respondent.

CURTIS, J.—A transfer of this action to this court after decision by the District Court of Appeal was ordered for the reason that we were impressed with the argument of the attorney-general that by the amendment in 1929 (Stats. 1929, pp. 1384, 1930, to sections 1168 and 1203 of the Penal Code it was unnecessary after the enactment of said amendments in a case where the defendant was charged with a prior conviction of a felony to either plead or prove that said defendant had served a term of imprisonment in a penal institution under said prior conviction. ■ Whatever may be the force or effect of said amendments, we are convinced that they are not applicable to the present action for the reason that neither of said amendments was in effect at the date of the commission by the defendant of the offense charged in the information in this action. In so far, therefore, as the present action against the defendant is concerned, said amendments are *ex post facto* as to the

appellant whose offense was committed before the enactment of said amendments. (*In re Lee,* 177 Cal. 690 [171 Pac. 958]; *In re Fritz,* 179 Cal. 415 [177 Pac. 157]; *People v. Schmidt,* 33 Cal. App. 426, 435 [165 Pac. 555]; *Kring v. Missouri,* 107 U. S. 221 [27 L. Ed. 506, 2 Sup. Ct. Rep. 443, see, also, Rose's U. S. Notes].) The opinion, therefore, of the District Court of Appeal, which was written by Justice Houser and concurred in by Presiding Justice Conrey and Justice York, we think correctly and satisfactorily disposes of all questions presented in this action, and we adopt the same as the opinion of this court.

Said opinion is as follows:

"By an information filed in the superior court, defendant was charged with the crime of forgery; also, that before the commission of such offense he had been *convicted* of another felony on which judgment had been pronounced, which latter charge defendant admitted. It is asserted by appellant that following his conviction of the offense of forgery, judgment was pronounced by the trial court against him not only on his conviction of the crime of forgery, but as well under the provisions of section 667 of the Penal Code, as for one who theretofore had been convicted of a felony and had *served a term therefor in a penal institution.*

"In substance, it is first contended by appellant that the provisions of section 1387 of the Penal Code to the effect that an order for the dismissal of an action 'is a bar to any other prosecution for the same offense, if it is a misdemeanor,' but shall not constitute a bar to a further prosecution if the offense charged be a felony, is special and class legislation, and consequently unconstitutional and void, for the reason that if it be the law that a dismissal of an indictment or an information by which a defendant was charged with the commission of a felony does not bar a subsequent prosecution of the defendant for an offense identical with that originally charged against him, the effect is that upon the dismissal of a felony information, which is followed by a prosecution for an offense identical with that charged in the original information, the defendant is denied a speedy and public trial as guaranteed to him by article VI of the amendments to the Constitution of the United States, as well as by article I, section 13, of the Constitution of this state, and section 686 of the Penal Code.

"In substance, section 1382 of the Penal Code provides that, unless good cause to the contrary be shown, the action against the defendant must be dismissed if not brought to trial within sixty days 'after the finding of the indictment, or filing of the information.' (*Matter of Ford*, 160 Cal. 334, 338 [Ann. Cas. 1912D, 1267, 35 L. R. A. (N. S.) 882, 116 Pac. 757].)

"By the record herein it appears that defendant was actually brought to trial on the original information filed against him, but that before the jury was empaneled in the action 'defendant did make his motion before said court to dismiss the said information and cause, and to discharge said defendant upon the ground that defendant James H. Dawson was not brought to trial within the time limited by law, and that he was not given a speedy trial,' etc.— which said motion was granted. In such circumstances it would appear that defendant is in no position now to complain that he was not prosecuted under the original information. Furthermore, in the case of *People* v. *Palassou*, 14 Cal. App. 123 [111 Pac. 109], where a similar situation obtained, it was held that the fact that on the defendant's own motion he was discharged and the information dismissed because he had not been brought to trial within sixty days as required by law, did not constitute a bar to a further prosecution under a new information for the same offense. ■ However, appellant argues that because section 1387 of the Penal Code provides that the dismissal of a misdemeanor charge against the defendant shall operate as a bar 'to any other prosecution for the same offense,' the same rule should obtain where the defendant is charged with the commission of a felony; otherwise, in addition to the point that the statute constitutes special and class legislation, appellant contends that the statute is not uniform in its operation, convicts the defendant without due process of law, and denies to him the equal protection of the laws, in that the statute discriminates in favor of a defendant who may have committed a misdemeanor, as against one who may have committed a felony. The several questions thus presented may be reduced to the single inquiry as to whether offenses against the body politic may be legally divided into the two classes of misdemeanors and felonies, and procedure enacted which will be applicable to persons who are charged

with the commission of the one class of criminal offenses and not be applicable to the other. ▪ A general rule, and one which has been so universally followed as to require no citation of authority therefor, is that where a statute is made to apply equally as to all persons embraced within a natural class, the constitutional provisions directed against special legislation, lack of uniformity in the operation of the law, and the like, are not violated. From a consideration of section 17 of the Penal Code, which includes the statement that a felony is a crime which is punishable with death, or by imprisonment in the state prison, and that every other crime is a misdemeanor, it becomes apparent that as to the punishment or penalty which is to be imposed for a violation of the penal laws of the state, the legislature by its enactment of the statute has recognized a distinction in degree as between or among different kinds of penal offenses. That such a classification is a natural one, not arbitrary, but based upon valid reasons and distinctions, and consequently not violative of the several constitutional provisions to which reference has been had, may be inferred from analogous adjudications by the Supreme Court of this state. (*People* v. *Finley,* 153 Cal. 59 [94 Pac. 248]); *People* v. *Quijada,* 154 Cal. 243 [97 Pac. 689]; *People* v. *Carson,* 155 Cal. 164 [99 Pac. 970]; *People* v. *Oppenheimer,* 156 Cal. 733 [106 Pac. 74]; *Selowsky* v. *Superior Court,* 180 Cal. 404 [181 Pac. 652]; *People* v. *Camp,* 42 Cal. App. 411 [183 Pac. 845]; *In re Todd,* 44 Cal. App. 496 [186 Pac. 790].) Moreover, the classification as recognized in section 1387 of the Penal Code has stood, practically unchanged and unchallenged, for seventy-nine years. (Crim. Prac. Act, Stats. 1851, p. 279, sec. 599.)

"It would seem clear that as compared one with the other, a given offense may not be so serious in its consequences as another specified offense. In other words, as between two distinct offenses, one may be insignificant as far as its effect upon the body politic is concerned, while the other may be so heinous in character that to its frequent and unchecked commission might be attributed the origin of a possible statewide disaster, or eventually, the downfall of organized society. Manifestly, as relates to the penalty for the infraction of criminal statutes, the segregation into one class of comparatively trivial offenses from those which are placed

into a second class because of their more serious effect upon the morals, the safety or the welfare of the community, is justified. That the lesser crimes should be denominated misdemeanors, and the greater, felonies, is of no consequence; nor does the fact that in its regulation, especially as it affects the dismissal of a prosecution for its commission, the one class is treated differently from the other, give occasion for any valid objection on the ground that such action amounts to an arbitrary or unreasonable discrimination. It is a most natural classification and one which does no violence to constitutional guaranties.

■ ''Appellant presents the specific point that the order of dismissal of the original action was final; also, that it was appealable; and that it acted as a bar to further prosecution of the defendant for the same offense. It is apparent that the People accepted such order of dismissal as final. That the People attempted no appeal therefrom furnishes no ground for complaint on the part of defendant, and that such order did not bar a subsequent prosecution of defendant for the same offense is decided adversely to appellant's contention, first, by the provisions of section 1387 of the Penal Code, to which reference herein has been had; and, secondly, by the ruling in the case entitled *In re Begerow*, 136 Cal. 293 [56 L. R. A. 528, 68 Pac. 773], in which it is also held that by the prosecution of the defendant therein on the second information filed against him no constitutional right of the defendant was invaded. (See, also, *People* v. *Palassou*, 14 Cal. App. 123 [111 Pac. 109]; *People* v. *Ammerman*, 118 Cal. 83 [50 Pac. 15].)

''It is urged by appellant that the judgment pronounced against defendant was void for the reason that it imposed on him a more severe punishment for the crime of which he was convicted than is provided by the statute which specifically prescribes the penalty for the commission of such crime.

''As hereinbefore intimated, by the information in the instant action defendant was 'accused . . . of the crime of forgery; . . . and that before the commission of the offense charged, . . . the said defendant was . . . convicted of the crime of violation of section 146 of the California Vehicle Act (Stats. 1923, p. 564), a felony. . . . '

"That part of the judgment of which appellant complains was as follows:

" ' . . . James H. Dawson having been duly found guilty in this court of the crime of forgery, a felony, as charged in the information, and having admitted prior conviction of a felony,

" 'It is therefore ordered, adjudged and decreed that the said James H. Dawson be punished by imprisonment in the state prison of the state of California at Folsom for the term prescribed by law.'

"In part, section 667 of the Penal Code provides that:

" 'Every person who, having been convicted of any offense punishable by imprisonment in the state prison, and having served a term therefor in any penal institution, commits any crime after such conviction, is punishable therefor as follows: . . . '

"It will be noted that a part of the requisites to the imposition of the sentence of which complaint is herein made, is that following a prior conviction of an offense punishable by imprisonment in the state prison, the defendant must have 'served a term therefor' in some penal institution; also, that the information herein was silent as to any allegation which related to any former service of a 'term' by defendant in any penal institution; furthermore, that defendant pleaded guilty only to the charge of a prior conviction—which necessarily omitted the element of his having 'served a term therefor in any penal institution.'

"Many authorities attest the rule that, in order to establish the prior conviction of a defendant of a felony, the statutory requirements must be fulfilled; that is to say, the necessary facts must be both pleaded and proved. (*People* v. *Coleman,* 145 Cal. 609 [79 Pac. 283] ; *People* v. *King,* 64 Cal. 338 [30 Pac. 1028] ; *People* v. *Wagner,* 78 Cal. App. .504 [248 Pac. 946] ; *People* v. *Wallach,* 79 Cal. App. 605 [250 Pac. 578].)

"The opinion in the case of *People* v. *Sampson,* 99 Cal. App. 306 [278 Pac. 492], contains a recognition of the fact that in establishing a foundation for a valid judgment by which a more severe sentence may be imposed upon a defendant convicted of a criminal offense because of his prior conviction of a felony, it is essential that in some manner

it appear that he has 'served a term therefor' in some penal institution.

"It is clear that the duty of proving each of the statutory elements devolved upon the prosecution. Defendant pleaded guilty only to as great a charge as was contained in the information. Although it is manifest that a judgment by reason of which defendant would be subjected to punishment for the commission by him of the crime of forgery as severely as though both by the pleading and the proof in the action it appeared that theretofore he had been convicted of a felony and had served a term therefor in some penal institution would be violative of the rights of defendant;—an examination of the judgment actually pronounced herein discloses that, after reciting the facts, to-wit, that defendant had been convicted of the crime of forgery and that prior thereto he had been convicted of a felony,—it was ordered that he be imprisoned 'for the term prescribed by law.' The attention of this court has been directed to no statute which by its terms purports to impose a more severe penalty on one convicted of a felony who theretofore simply has suffered a similar conviction, than is imposed upon one who never before has been convicted of a felony; and since the judgment herein contained no recital that following his conviction of a felony defendant had served a term therefor in a penal institution, the construction which should be placed upon the order contained in the judgment that defendant should be imprisoned 'for the term prescribed by law,' is that defendant be punished, not as prescribed by section 667 of the Penal Code, but only as is provided by the appropriate statute for a first offender convicted of the crime of forgery. So construed, as far as the point presented by appellant is concerned, the judgment is unexceptionable.

"On examination of the record herein this court is of the opinion that the evidence was sufficient to sustain the verdict of the jury.

"Following his conviction, defendant gave notice of appeal not only from the judgment and the order denying his motion for a new trial, but as well from several other orders which were incidental to the judgment."

It is ordered that the judgment as well as each of the several orders specified by defendant in his notice of appeal be and they are affirmed.

Richards, J., Shenk, J., Seawell, J., Preston, J., Langdon, J., and Waste, C. J., concurred.

Rehearing denied.