[Crim. No. 2049. Second Appellate District, Division One.—September 17, 1931.]

THE PEOPLE, Respondent, v. PAUL VELVIN, Appellant.

Franklin P. Bull for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

CONREY, P. J.—On this appeal it must be assumed that the defendant was properly convicted of the crime of robbery, committed on the eighth day of August, 1930. No contention is made to the contrary. The questions raised by appellant relate to an alleged former conviction of burglary.

In the information it was alleged that before the commission of the offense charged the defendant, in the said Superior Court of Los Angeles County, was convicted of the crime of burglary. Pursuant to consent duly given, the present case was tried without a jury. The minutes of the

court show that at the beginning of the trial "defendant admits prior conviction". The reporter's transcript further shows that before any evidence was introduced the district attorney called attention to the fact that the prior felony conviction was denied. Thereupon the attorney for defendant said that there was no question but that the defendant was convicted and that "for the purpose of the record at this time we will admit the prior". Thereupon the court inquired: "You withdraw the plea heretofore made and enter a plea that you have suffered such prior conviction?" To this attorney for defendant replied, "Yes." Thereupon a witness named Finmark was sworn and stated his name. Thereupon the district attorney called attention to the fact that counsel could not admit prior conviction for the defendant but such admission must also be made by the defendant personally. Thereupon, addressing the defendant the district attorney directed attention to the charge of robbery and of prior felony conviction, as stated in the information, and asked him whether he admitted that prior felony conviction. The defendant's reply was "Yes, sir."

At the close of the trial the court found the defendant guilty of the crime of robbery as charged in the information. The judgment after reciting such conviction orders that the defendant be punished by imprisonment in the state prison at Folsom for the term prescribed by law.

■ Upon the record thus made there is no ground for contending that the defendant did not in due form admit the fact of the former conviction. ■ But he further contends that the judgment as rendered is erroneous because the defendant never admitted more than "a prior conviction of a felony. He never admitted the serving a term therefor in a penal institution." It is true that according to section 667 of the Penal Code special provision is made for the term of punishment of a person "who, having been convicted of any offense punishable by imprisonment in the state prison, and having served a term therefor in any penal institution, commits any crime after such conviction". It is also true that according to subdivision (4) of section 1168 of the Penal Code, as amended in the year 1929, certain minimum terms of sentence and imprisonment are provided in cases where the defendant has been previously convicted of a felony; and that those provisions of section 1168 omit

all reference to the matter of actual service of any term of imprisonment under such prior conviction. It may be that, as intimated by the Supreme Court in *People* v. *Dawson*, 210 Cal. 366 [292 Pac. 267], said provisions of said section 1168 contain an implied repeal of said section 667 in so far as the section in its application depends upon pleading or proof of service of a term of imprisonment under the prior conviction. But in this case we are not required to decide that question. The judgment as rendered by the court, based upon the record to which we have referred, is simply and only a judgment that the defendant be imprisoned in said state prison "for the term prescribed by law". The fact that the place of imprisonment was the state prison at Folsom, and not the state prison at San Quentin, does not in itself add to the severity of the punishment. The selection of the place of imprisonment, as between those two prisons, is discretionary with the court. (Pen. Code, sec. 1202a). ██ The defendant having been properly sentenced to imprisonment "for the term prescribed by law", the actual years and days of the term presumably will be determined in accordance with the established rules in the due course of prison administration. In other words, the judgment will entitle the defendant to have his term of imprisonment established according to the facts of record, including the fact that he is not shown to have served any term of imprisonment under the former conviction. What effect, if any, this particular fact will have by way of limitation of the term in this case, need not be determined now, for, however that may be, there is no error in the judgment.

The judgment and order are affirmed.

Houser, J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 1, 1931.