[Crim. No. 3606. In Bank.—March 24, 1933.]

In the Matter of the Application of EDWARD KEPFORD for a Writ of Habeas Corpus.

Edward Kepford, *in pro. per.*, for Petitioner.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

WASTE, C. J.—Application for a writ of *habeas corpus.*

Under an information filed by the district attorney of San Joaquin County, petitioner was charged with and convicted of a felony, to wit, driving an automobile without the consent of the owner in violation of section 146 of the California Vehicle Act. Petitioner was also charged with and plead guilty to two prior felony convictions. He was sentenced to imprisonment in Folsom state prison for the indeterminate period prescribed by law, being received at the prison on June 15, 1928. Thereafter the prison board fixed his definite term of incarceration at ten years. Subsequently and on May 14, 1932, the prison board, recognizing that it had exceeded its jurisdiction in so fixing petitioner's sentence, rescinded its order and fixed his term of imprisonment at seven years.

Citing sections 18 and 667 of the Penal Code, as they read at the time of his conviction and sentence, petitioner contends that the maximum term for which he may legally be sentenced is five years and that the prison board therefore exceeded its authority in fixing his term at seven years. Inasmuch as his time served plus his time credits, duly allowed, now total in excess of five years, petitioner seeks his release and discharge.

Section 146 of the California Vehicle Act, for the violation of which petitioner now stands convicted, reads in part: "Any person who shall drive a vehicle not his own, without the consent of the owner thereof, and in the absence of the owner, and with intent to either permanently or temporarily deprive the owner thereof of his title to or possession of such vehicle, whether with or without intent to steal the same, shall be deemed guilty of a felony."

The penalty for such felony is prescribed by section 18 of the Penal Code which, at the time of petitioner's conviction and sentence, read as follows: "Except in cases where a different punishment is prescribed by this code every offense declared to be a felony is punishable by imprisonment in the state prison, not exceeding five years."

The maximum penalty for a violation of section 146 of the California Vehicle Act is therefore five years. In view of this, petitioner cites us to section 667 of the Penal Code, which, at the time of his conviction and sentence, provided: "Every person who, having been convicted of any offense

punishable by imprisonment in the state prison, and having served a term therefor in any penal institution commits any crime after such conviction, is punishable therefor as follows: 1. If the offense of which such person is subsequently convicted is such that, upon a first conviction an offender would be punishable by imprisonment in the state prison, such person is punishable by imprisonment in the state prison *for the maximum period for which he might have been sentenced if such offense had been his first offense."*

It is petitioner's theory that the language of the code section last above quoted is controlling, and that since five years of imprisonment is prescribed by section 18 of the Penal Code as the maximum penalty for a violation of section 146 of the California Vehicle Act, of which he now stands convicted, that period of time becomes the measure of the penalty to be imposed upon him, which period of time, it is urged, may not, under section 667, *supra*, be extended because of his prior conviction of another felony.

In opposition to this contention, the attorney-general points out that subdivision 1 of section 667 of the Penal Code, relied on by petitioner, was enacted in 1909 and is specifically modified and controlled or impliedly repealed by the provisions of subdivision 2c of section 1168 of the Penal Code, which section was enacted in 1917 and amended in 1927, prior to petitioner's conviction and sentence, to provide that the minimum penalty for a felony committed by "a person previously convicted of a felony . . . but not armed with a deadly weapon at the time of his arrest (is) seven years", "*notwithstanding any other provisions of this code, or any provision of law specifying a lesser sentence*". It is, therefore, contended that under the provisions of this latter section, petitioner's term was properly fixed at seven years, thus precluding his release at this time.

█ In view of the conclusion we have reached, we find it unnecessary to pass on the merits of these respective contentions, for, even if it be assumed that section 1168, *supra*, is the governing section, petitioner still would be entitled to his discharge. In their presentation of this matter, the parties have overlooked the fact that subdivision 2c of said section, relied on by the attorney-general as directing the imposition of a minimum sentence of seven years on persons previously convicted of a felony, but not armed with a deadly weapon,

was amended in 1931 (Stats. 1931, p. 1053) so as to fix such minimum penalty at *five* years. By subdivision 6 of the same section, added at the time of such amendment, this reduced minimum term was expressly made to apply to "all prisoners now serving sentences in the state prison". It is, therefore, apparent that, so far as petitioner here is concerned, the minimum term of five years for a second offender not armed with a deadly weapon is identical with the maximum term for a violation of section 146 of the California Vehicle Act, of which offense petitioner now stands convicted. Since such minimum and maximum sentences are now identical, it necessarily follows that in May, 1932, the prison board when purporting to rescind its original and erroneous order fixing petitioner's sentence at ten years, should have fixed his term at five years and not at seven. Having served, with allowance of credits, the equivalent of a five-year term, the maximum for which he may be legally incarcerated, petitioner is now entitled to his discharge.

The writ is granted and the petitioner is discharged.

Curtis, J., Preston, J., Langdon, J., Shenk, J., Seawell, J., and Thompson, J., concurred.