[Crim. No. 3639. In Bank.—April 25, 1933.]

In the Matter of the Application of MARCO ALBORI for Writ of Habeas Corpus.

Leo R. Friedman for Petitioner.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

SPENCE, J., *pro tem.*—Petitioner, an inmate of the state prison at San Quentin, seeks his release on *habeas corpus*.

The facts are not in dispute. No return to the writ was filed herein, but it was stipulated upon the hearing "that the allegations of fact set forth in the petition are true; that the petition may stand as a return to the writ and also as a traverse thereto". It appears that petitioner was convicted on two charges of assault with a deadly weapon. For each of said offenses he was sentenced to be confined in the state prison at San Quentin for the term prescribed by law and he was thereafter received at said prison on April 20, 1929. On October 28, 1931, the board of prison terms and paroles fixed petitioner's term of imprisonment on said two sentences at seven years each, the terms to run consecutively. Said board also made its order granting petitioner five years on parole. Petitioner has been continuously confined in the state prison since being received there on April 20, 1929, and has been allowed full time credits during his confinement by resolutions duly adopted by the board upon recommendation of the warden.

This proceeding has arisen by reason of a difference of opinion as to the manner of computing the time credits to which petitioner is entitled. ▉ The parties seek the opinion of this court as to whether said credits "are to be calculated under the statute in force at the time of his conviction or should be calculated under the statute now in force". Section 1168 of the Penal Code, which now provides for such time credits, has been amended twice since petitioner entered the prison, but subdivision 6 thereof provides, "The provisions of this section are to apply to all prisoners now serving sentences in the state prison." We believe it clear that petitioner's time credits are to be calculated under the provisions of said section as amended. (See *In re Kepford,* 217 Cal. 538 [20 Pac. (2d) 333].)

The further question has arisen as to whether under said section such time credits should be computed on a single "term of confinement" of fourteen years or upon two separate "terms" of seven years each. The parties seem to be agreed upon the proposition that if the computation is to be made upon the first basis, then petitioner was entitled to his release upon parole on February 20, 1933, while if the computation is to be made upon the second basis, he will not be entitled to such release until October 20, 1933. The difference in these computations can best be explained in figures. Under section 1168 of the Penal Code, a full allowance of time credits on a fourteen-year term amounts to five years and two months, leaving eight years and ten months to be served. Deducting from said period of eight years and ten months, the five-year period of parole allowed by the board, a period of three years and ten months remains. Petitioner had served three years and ten months on February 20, 1933. On the other hand, a full allowance of time credits on a seven-year term amounts to two years and three months. If petitioner's time credits are computed on each of the two seven-year terms independently and said credits are added, then the full allowance of time credits amounts to four years and six months, leaving nine years and six months to be served. Deducting from said period of nine years and six months, the five-year period of parole allowed by the board, a period of four years and six months remains. Petitioner will not have served four years and six months until October 20, 1933.

Said section 1168 provides that the prisoner is to "be allowed time credit reductions from his term of confinement as fixed by the board of directors . . . " No decision construing the words "term of confinement" has been called to our attention and the previous decisions of this court have dealt only with the construction of the wording of the earlier statutes. In *Ex parte Dalton*, 49 Cal. 463, the statute provided for the deduction of time credits "from the entire term of penal servitude to which such convict shall have been sentenced", and it was there held that each term of ten years was a part of the "entire term" of twenty years. After the decision in the Dalton case the statute was amended to provide that the prisoner's time credit deductions should "be allowed from his term" and the statute

as amended was before this court in *Ex parte Clifton,* 145 Cal. 186 [78 Pac. 655, 656]. In that opinion, attention was called to the "radical and essential difference" in language employed in the two statutes and it was held that the amendment required that the allowance of credits "be made from the terms as they were served, treated and considered as separate and independent terms of imprisonment". On page 189 of the opinion it is clearly indicated that the decision rests upon the fact that the word "term" was used in the amendment "without any words of further definition or qualification". The court therefore concluded that "a prisoner is. entitled to commutation credits for good behavior upon each term only as it is served, and not upon the separate terms to which he may have been sentenced treated as a continuous period of imprisonment, or as an entire term under the original section of the Penal Code as construed in the Dalton case".

Under the present wording of said section 1168, the word "term" is qualified by the use of the expression "term of confinement". Such expression conveys the thought of a "continuous period of imprisonment" and we believe that it should be construed to have the same effect for the purpose under discussion as the expression "entire term of penal servitude". We therefore conclude that petitioner's "term of confinement" within the meaning of that section was fourteen years and that his time credit reductions should be computed upon such "term of confinement" rather than upon two separate terms of seven years each. This being the case, petitioner is now entitled to his release upon parole.

It is contended herein that resort may not be had to *habeas corpus* to release a prisoner upon parole and that this remedy can only be exercised where the prisoner is entitled to an absolute discharge. There is ample authority, however, for the use of the writ of *habeas corpus* to obtain relief other than that of absolute discharge. (Pen. Code, sec. 1493; 29 C. J. 12, sec. 5.) In support of this contention it is argued that the granting of parole is a matter vested in the board of prison terms and paroles and that said board cannot be compelled to grant a parole in any case. There is no doubt that the granting of parole is a matter entirely within the discretion of the board, but in the pres-

ent case the board has heretofore made its order granting petitioner five years on parole. It is admitted that none of his credits have been forfeited and that his parole order stands unrevoked. There is therefore no question of the discretion of the board involved in this proceeding. It is further argued that the board has ample power to compel the warden to obey any lawful parole order it may make. Conceding that the board has such power, it does not follow that petitioner may not seek his release upon *habeas corpus*. Assuming, as above indicated, that petitioner is entitled to his release on parole, we believe that he has pursued the proper remedy. Petitioner is not, however, entitled to an absolute discharge. Subdivision 4 of section 1168 of the Penal Code provides: ''Prisoners on parole shall remain under the legal custody and control of the state board of prison directors . . . '' The powers and duties of the board of prison directors with respect to paroled prisoners have been recently transferred to the board of prison terms and paroles. (Stats. 1931, chap. 487, p. 1061.) Section 1493 of the Penal Code provides: ''In cases where any party is held under illegal restraint or custody, or any other person is entitled to the restraint or custody of such party, the judge or court may order such party to be committed to the restraint or custody of such person as is by law entitled thereto.'' It is therefore apparent that in releasing petitioner upon parole, he should be committed to the custody of said board of prison terms and paroles.

It is therefore ordered that petitioner be released upon parole and that he be committed to the custody of the board of prison terms and paroles.

Langdon, J., Waste, C. J., Shenk, J., Curtis, J., Seawell, J., and Thompson, J., concurred.