[Crim. No. 1295.    Third Appellate District.—November 27, 1933.]

In the Matter of the Application of GEORGE A. FONTINO for a Writ of Habeas Corpus.

George A. Fontino, *in pro. per.*, for Petitioner.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

PLUMMER, J.—On the seventeenth day of March, 1928, the above-named petitioner was arraigned upon an information in the Superior Court of the County of Riverside, charging that on or about the fifth day of February, 1928, he

committed the crime of receiving stolen goods, a felony. The same information charged that the prisoner, on the twelfth day of April, 1925, had been convicted of the crime of burglary, and sentenced to a term of three years in the state penitentiary in the state of Oklahoma; also, that on or about the twelfth day of October, 1922, the defendant had been convicted of the crime of larceny and sentenced to a term of not over two years' imprisonment in the state of Oregon. Thereupon the defendant was taken to and has been incarcerated in the state prison at Folsom.

On the twenty-third day of March, 1933, upon an affidavit of the district attorney alleging that the petitioner was not sentenced under the provisions of section 644 of the Penal Code, as an habitual criminal, the Superior Court of the County of Riverside, on the twenty-seventh day of March, 1933, entered an order purporting to amend its judgment theretofore entered in this cause, and sentenced the defendant to be incarcerated in the state prison, under the provisions of section 644, *supra,* as an habitual criminal.

The record further shows that upon being arraigned upon the information charging him with having received stolen goods, the petitioner entered a plea of guilty as charged in the information.

Section 644 of the Penal Code, so far as pertinent herein, provides: That every person convicted in this state, of any felony, who shall have been previously twice convicted upon charges separately brought and tried, and served a term in any state prison or federal penitentiary, either in this state or elsewhere, for a number of offenses specified, shall be sentenced as an habitual criminal.

The record shows that no proof was offered that the petitioner had ever served a term by reason of any of the previous sentences pronounced upon him, either at the time of the original sentence, or at the time of the purported amended sentence being pronounced by the superior court.

In the case of *People* v. *Dawson,* 210 Cal. 366 [292 Pac. 267], the Supreme Court specifically ruled that in order to establish the statutory requirements as to a prior conviction, it is not only necessary to plead the prior conviction and subsequent serving of sentence, but that both elements must be pleaded and proved.

The same question was presented to this court in the case of *People* v. *Arnest,* 133 Cal. App. 114 [23 Pac. 812], and it was there held: ''The information must charge that the person convicted has served a term therefor, and if it fails to do so, it fails to charge the facts necessary to constitute a judgment carrying a heavier sentence.''

It thus appears that the superior court had no jurisdiction to enter its purported amended judgment and resentence of the petitioner, as of March 23, 1933.

It further appears from the record that the petitioner has served more than the requisite five years, the penalty fixed for receiving stolen goods under the provisions of section 496 of the Penal Code.

Another question enters into this cause which does not appear to have been considered in the case of *In re Boatwright,* 216 Cal. 677 [15 Pac. (2d) 755], or in the case of *In re Kepford,* 217 Cal. 538 [20 Pac. (2d) 333], to wit: The power of the trial court after having pronounced sentence five years later, to recall the petitioner and pronounce a sentence carrying a much heavier penalty. Two cases directly in point are the following: *Hickman* v. *Fenton,* 120 Neb. 66 [231 N. W. 510, 70 A. L. R. 819], where it was held that upon a plea of guilty under an information charging a felony and the proceedings were free from error up to the time of pronouncing judgment, a penitentiary sentence for less than the minimum term prescribed by statute is not void, and after it has been partially served in absence of appellate review, the trial court is without power to vacate it and impose a greater penalty. A number of cases are cited supporting the rule just stated.

The second case to which we refer is that of *In re Garrity,* 97 Cal. App. 372 [275 Pac. 480]. In this case the petitioner was first sentenced to pay a fine. Afterwards, the defendant was recalled and an alternative sentence pronounced. After citing a number of decisions, the court said: ''It is clear by the authorities hereinbefore cited that after rendering the judgment in the first instance, the jurisdiction of the trial court to thereafter modify its judgment was exhausted, and that lack of jurisdiction in the matter could not be waived, nor jurisdiction be stipulated by the defendant.'' The petitioner was accordingly discharged.

The Kepford case, *supra,* we think is distinguishable from the case at bar, and also that the language not necessary to the decision appearing in the opinion in the case of Boatwright, does not obviate the conclusion from what we have said herein, that the petitioner should be discharged. And it is so ordered.

Pullen, P. J., and Thompson, J., concurred.