[Crim. No. 3924. In Bank.—February 28, 1936.]

In the Matter of the Application of WILLIAM McCON-NELL for a Writ of Habeas Corpus and a Writ of Certiorari Ancillary Thereto.

William McConnell, *in pro. per.*, for Petitioner.

U. S. Webb, Attorney-General, and Ralph H. Cowing, Deputy Attorney-General, for Respondent.

THE COURT.—This is a petition for a writ of *habeas corpus* and writ of *certiorari* ancillary thereto. On December 31, 1928, petitioner was charged in the Superior Court of Contra Costa County with grand theft, a felony, and with two prior convictions of grand larceny. He pleaded guilty to the charge of grand theft, admitted the two prior convictions, and was thereupon adjudged an habitual criminal, and sentenced to life imprisonment at Folsom prison, under the terms of section 644 of the Penal Code.

Petitioner's theory is that proof of an essential element necessary to adjudge him an habitual criminal is lacking, namely, service of a term of imprisonment on each of the prior convictions. *In re Fontino*, 135 Cal. App. 466 [27 Pac. (2d) 413], is cited in this connection.

Petitioner's contention is based upon the present wording of Penal Code, section 644, as amended in 1931. The amendment added to the provision for two prior convictions the requirement that the accused have "served a term therefor in any state prison and/or federal penitentiary". But the section contained no such requirement in 1928, when petitioner was convicted, and there is consequently no merit in the argument.

Some confusion has been engendered by the failure of occasional decisions to take note of the date of the above-mentioned amendment, or to distinguish situations arising under section 667 of the Penal Code, which before 1931 contained the requirement of service of a term of imprisonment. Thus, *People* v. *Dawson*, 210 Cal. 366 [292 Pac. 267], and *In re Boatwright*, 216 Cal. 677 [15 Pac. (2d) 755], were concerned with section 667. Reliance upon those decisions in cases coming within section 644 before the amendment of

1931 was manifestly improper, and *In re Fontino, supra,* in so far as it confuses the rules applicable at the time of the decision, must be disapproved.

The writ is discharged and the petitioner is remanded.

Rehearing denied.