[Crim. No. 1649.   Third Appellate District.—October 11, 1938.]

In the Matter of the Application of ORVILLE HICKS for a Writ of Habeas Corpus.

Orville Hicks, *in pro. per.*, for Petitioner.

U. S. Webb, Attorney-General, and Gordon S. Hughes, Deputy Attorney-General, for Respondent.

THOMPSON, J.—By means of *habeas corpus* the petitioner seeks to obtain his release from state prison on the theory that he has served the term originally fixed by the prison board as a penalty for the crime of burglary of the second degree of which he pleaded guilty. For violation of his parole the prison board subsequently rescinded its original order fixing the period of his imprisonment at seven years and resentenced him to a term of twelve years which has not yet expired. It is contended the prison board was without authority to increase the term of his imprisonment after having definitely fixed it at seven years, and that section 1168 of the Penal Code as amended in 1931, pursuant to which his term was increased, is *ex post facto* and void as applied to the circumstances of this case.

February 10, 1931, the petitioner was sentenced to state prison for the indeterminate period of from one to fifteen years as prescribed by section 461 of the Penal Code. He had previously pleaded guilty to burglary of the second degree, which crime he committed November 2, 1930. He entered prison February 12, 1931, to begin serving his sentence. Pursuant to section 1168 of the Penal Code, the prison board, on March 26, 1932, fixed the term of his imprisonment at seven years. That was done seven months after the amendment to section 1168 became effective. The prisoner was thereafter granted parole. For violation of that parole, the prison board, at a regular hearing held on December 4, 1934, rescinded its previous order fixing his term at seven years and resentenced him to a term of twelve years. At the time of increasing his term of imprisonment from seven to twelve years, the board at a regular hearing held for that purpose adopted the following resolution:

"That the action of this board heretofore taken on the 26th day of March, 1932, fixing his term of imprisonment at seven years be, and hereby is rescinded, annulled and revoked, pursuant to the provisions of paragraph (1) of section 1168 of the Penal Code, and it is,

"FURTHER RESOLVED, that the term of imprisonment of the aforesaid prisoner is hereby refixed at twelve (12) years, pursuant to the aforesaid provisions of the Penal Code, and that he be allowed to earn the usual credits on the additional time given him by this Board."

It is not contended the petitioner has served the twelve-year term of imprisonment, even deducting the credits which he may have earned. But it is asserted the conditions under which the prison board was required to fix the term of his imprisonment must be determined by the law as it existed at the time of the commission of the offense, and that section 1168 then declared the term, after having been fixed, could not be "increased or diminished" and that the board was powerless to do so. It is argued that if the amendment to section 1168 of the Penal Code, which became effective August 14, 1931, is construed to authorize the prison board to increase the penalty previously fixed by it, the amendment would be *ex post facto* and void under the provisions of article I, section 16, of the Constitution of California.

It has been held a statute is *ex post facto* and void as to an individual who is thereby deprived of vested rights formerly acquired or which attempts to increase the penalty previously prescribed for an offense committed before an amendment to the act becomes effective. (*People* v. *Dawson*, 210 Cal. 366 [292 Pac. 267]; *People* v. *Edenburg*, 88 Cal. App. 558, 564 [263 Pac. 857]; *Calder* v. *Bull*, 3 Dall. (U. S.) 386 [1 L. Ed. 648]; *People* v. *Jennings*, 134 Misc. 586 [238 N. Y. 161, 164]; *State* v. *Donato*, 106 N. J. L. 397 [148 Atl. 776, 779].)

We are of the opinion the petitioner was not deprived of vested rights with respect to the term required by law to be fixed at the time of the commission of the offense. The law did not authorize the board to fix his term of imprisonment until after he had completed the minimum period of time prescribed by section 461 of the Penal Code. The petitioner was committed to prison February 12, 1931. The board, therefore, could not fix his term of imprisonment until after February 12, 1932. In the meantime section 1168 was amended. The amended section specifically repealed the former act. That amendment became effective August 14, 1931, authorizing the board for violation of prison rules or parole to rescind an order fixing the time of imprisonment and to increase the term previously determined to any time within the maximum period prescribed by section 461. That change of term, which is conditionally fixed by

the board, does not have the effect of depriving a prisoner of vested rights or of increasing the penalty prescribed by law at the time of the commission of the offense. The amendment is intended to furnish a means by which the board may regulate the conduct of prisoners and punish an inmate for violation of his parole and the rules of the prison board. (*In re Allen*, 27 Cal. App. (2d) 447 [81 Pac. (2d) 168].) Prior to the amendment the petitioner had no vested right to have his term of imprisonment fixed at any specific period of time. In the exercise of sound discretion the board was authorized to fix at any period within the maximum penalty of fifteen years as prescribed by section 461. Before the board was authorized to fix his term the amendment, in effect, provided that such order should become conditional and that it was subject to change for violation of a prisoner's parole or the rules of the board. That is the exact procedure followed in the present case. The petitioner, therefore, was not deprived of vested rights by the amendment of the code which authorized the rescinding of the previous order and the redetermination of his term of imprisonment. We may concede that if the board had been authorized to and did fix his term at seven years before the amendment of section 1168 became effective, it would have been powerless to change that order as the law then stood. But the board had no such power to determine the length of his imprisonment until after the adoption of the amendment which rendered the first order conditional and authorized the change of the term of imprisonment for violation of his parole. The final order of the board is therefore valid and binding.

Section 1168 of the Penal Code as it existed at the time of the commission of the offense (Stats. 1929, p. 1930), upon which the petitioner relies, read in part:

"The state board of prison directors *shall determine* after the expiration of the minimum term of imprisonment provided by law, . . . *what length of time,* if any, *such person shall be imprisoned,* . . . The term of imprisonment so fixed by the state board of prison directors, shall not thereafter be increased or diminished by said board for any reason whatsoever except as in this section provided. In all cases there may be allowed to apply upon the term

of imprisonment fixed such credits for meritorious conduct and diligent labor as are or may be authorized by law.''

That portion of the section as it stood at the time of the original order fixing the term of imprisonment (Stats. 1931, p. 1053), read in part:

''The state board of prison directors, . . . shall determine after the expiration of the minimum term of imprisonment, . . . what length of time, if any, such person shall be imprisoned. . . .

''In case any convicted person undergoing sentence in any of the state prisons commits any infraction of the rules and regulations of the prison board, or escapes while working outside such prison under the surveillance of prison guards, the board of prison directors may revoke any order theretofore made determining the length of time such convicted person shall be imprisoned, and make a new order determining such length of time not exceeding the maximum penalty provided by law for the offense for which he was convicted, unless the sentence be sooner terminated by commutation or pardon by the governor of the state. Such revocation and redetermination shall not be had except upon a hearing upon the question of such infraction or escape, and an adjudication by the board that such prisoner was guilty thereof, which adjudication shall be final. At such hearing such prisoner, unless outside the walls of the prison as an escape and fugitive from justice, shall be present and entitled to be heard and may present evidence and witnesses in his behalf.''

Since the board had no power to fix the term of imprisonment in the present case until after February 12, 1932, at which time the amendment to section 1168 was in full force and effect, its original order fixing the seven-year term, which was made on March 26, 1932, was subject to change for violation of the petitioner's parole in the manner provided by the amendment of 1931. In vacating the first order and changing the term of imprisonment to twelve years the board conformed strictly to the procedure authorized by the amended statute. The order increasing the term of imprisonment from seven to twelve years, which was made December 4, 1934, was, therefore, valid.

The writ is denied.

Pullen, P. J., concurred.