MANUEL HERNÁNDEZ RASQUIÑA, Petitioner and Appellee, v. SIXTO M. SALDAÑA, WARDEN OF THE INSULAR PENITENTIARY, Respondent and Appellant.

No. 8508. Argued April 13, 1942.—Decided April 23, 1942.

*George A. Malcolm, Attorney General, R. A. Gómez Prosecuting Attorney,* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellant. *Manuel Hernández Rasquiña in pro. per.*

MR. JUSTICE SNYDER delivered the opinion of the court.

The petitioner, who is serving a term of imprisonment, brought mandamus against the Warden of the Insular Penitentiary to compel him to give the petitioner credit on his sentence for good conduct as provided by law. The district court upheld the contention of the petitioner and the warden has appealed.

In 1935 the petitioner began service of a 12-year sentence for burglary. In 1940, after serving five years, he was released by a writ of *habeas corpus* in which the original sentence was declared void. A few days later he was

sentenced to serve eight years on the same burglary charge. He immediately began to serve his 8-year sentence.

The Revised Statutes of 1911 provide as follows:

Section 6362:

"(6362) Section 1. Whenever a person is accused of any offenses and is placed under bond awaiting trial, but by reason of poverty is unable to secure bondsmen and is therefore held in custody while awaiting trial, and is thereafter sentenced to a term of imprisonment, such term of imprisonment shall be reduced by the time already spent in custody from the time of arrest to the time when final sentence is rendered."

Section 2047:

"(2047) Section 1. On and after April first, nineteen hundred and seven, every prisoner heretofore or hereafter sentenced to imprisonment in the penitentiary or heretofore or hereafter sentenced to imprisonment with labor in the district jails of Porto Rico who observes good conduct and diligence shall be entitled to the following reductions from the term of his sentence, . . .

"*      *      *      *      *      *      *

"For a sentence of not less than five years and less than ten years, eight days in each month."

The petitioner contends that since his sentence is for 8 years, he is entitled under the second of the above statutes to a reduction for good conduct of 8 days per month from his sentence, or a total of 768 days. He also claims that after the warden deducts the said 768 days from the 8-year sentence, the warden should under the first of the above statutes make a further deduction of the five years which the petitioner served under the original invalid sentence.

On the other hand, the warden contends that the five years served prior to the pronouncement of the eight year sentence must be first substracted, and that deduction for good conduct at the rate of eight days per month should then be allowed only on the balance of three years.

The judge of the lower court based his judgment on an opinion rendered by him in the similar case of Pedro Lorenzano vs. Sixto Saldaña, Habeas Corpus, No. 38097 of the District Court of San Juan, in which the appeal was volun-

tarily abandoned by the petitioner for reasons not relevant to the case herein, disposing of this question as follows:

"The texts of both acts are quite clear. The first authorizes a reduction *from the term of imprisonment to which the accused may have been sentenced,* of the time already spent in custody from the time of arrest to the time when final sentence is rendered; and the second also gives a right to certain reductions *from the term of his sentence,* to every prisoner who observes good conduct and diligence, which reductions are computed from his admission to the jail or penitentiary. The second of said acts does not provide that the reductions for good conduct should be made from the balance of the sentence after crediting the period during which he was under custody from the time of arrest to the time when final sentence was rendered.

"The construction which has heretofore been given to the said acts establishes a discrimination in favor of those defendants who, through the furnishing of a bond, remain at liberty until final sentence is rendered in their cases, and this is shown by the following example: $A$ and $B$ are each sentenced by a district court to a term of 5 years in the penitentiary, at hard labor; both appeal to the Supreme Court; from the time both were arrested until the Supreme Court rendered judgment affirming that of the district court in each case, two years have elapsed, during which $B$ had remained in custody and $A$ at liberty on bail. Were said sentences to be liquidated in the manner proposed by the respondent herein, the result would be that $B$, who has already been 2 years in custody would receive reductions for good conduct which would be computed, not on the 5-year term of his sentence, but on the balance of 3 years which remain to be served by him after crediting the period spent by him in custody, while $A$, who has not been deprived of his liberty for a single day, would receive reductions for good conduct from the 5-year term of his sentence, and thus $B$ will have been imprisoned for 4 years, 2 months, and 12 days, whereas $A$ will have been imprisoned for 3 years and 8 months. That can not have been the intention of the lawmaker. The reduction must be made from the full term of the sentence, just as it is provided by the Act fixing deductions for good conduct from the sentence. This is a right which every prisoner sentenced to imprisonment in the penitentiary at hard labor has, and it can not be limited or restricted as long as the prisoner observes good conduct. As soon as a person who has been sentenced for the commission of a crime is admitted to the jail or penitentiary to serve his sentence, he is entitled, from

the moment of said admission, to the reductions which the law provides for good conduct and diligence, from the term of his sentence, and not from the unserved period of said sentence after deducting the time already spent in custody as has heretofore been, and still is, done by the respondent in the present case.

"\* \* \* \* \* \* \*

"The statute which recognizes the right to reductions for good conduct is clear and free from all ambiguities, and it prescribes in a clear and concise form that every prisoner sentenced shall be entitled to the reductions fixed by said statute *from the term of his sentence* and not from the unserved period of the sentence, or from the time during which he must be confined in the jail or the penitentiary after crediting to him the period already spent in custody. It is firmly established that in construing this type of statute, the language of the same can not be disregarded, and that when it is capable of two constructions, that construction should be adopted which is most favorable to the prisoner. . ."

We agree with the district judge that the statutes are free from ambiguity and must be construed in the manner he recites. In addition, as he points out, if the language of the statutes were susceptible of two constructions, ordinarily the construction most favorable to the prisoner should be made. *Ex parte Blocker*, 193 P. 546; *Ex parte Albori*, 21 P. (2d) 423.

The judgment of the district court will be affirmed.