[Crim. No. 1844. Third Dist. Oct. 27, 1943.]

In re EDWARD BERTRAND, on Habeas Corpus.

Edward Bertrand in pro. per., for Petitioner.

Robert W. Kenny, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

ADAMS, P. J.—On April 27, 1938, an information was filed in the Superior Court of the City and County of San Francisco charging petitioner herein with a violation of section 1, chapter 339, of the Statutes of 1923, in that on or about April 11, 1938, he did, in said city and county of San Francisco, "wilfully, unlawfully, knowingly and feloniously possess an instrument and weapon of the kind commonly known and designated as a blackjack." Said information also alleged that on or about July 18, 1920, the said Edward Bertrand had been "received at San Quentin Penitentiary, having been convicted in the County of Imperial, State of California, of the crime of felony, to wit: Forgery," that on December 9, 1921, defendant "was received at" San Quentin having been convicted of burglary in San Diego, that on December 19, 1924, he "was received" at the Idaho State Penitentiary having been convicted in Idaho of grand larceny, and that on March 2, 1934, he "was received at" Folsom, after conviction in Los Angeles County of "Petty Theft with Prior Convictions."

There was no allegation that defendant had served terms of imprisonment on any of the prior convictions. On arraignment defendant pleaded not guilty of the offense charged, but admitted that he had suffered the prior convictions "charged in the information." He was tried and convicted of the offense charged, and judgment was thereafter rendered which, after reciting that defendant had admitted having suffered the prior convictions, provided as follows: "That whereas, the said Defendant Edward Bertrand having been duly convicted in this Court of the crime of Felony to-wit: Violating Section 1, Chapter 339, Statutes of 1923, and four prior con-

victions of a Felony—It is therefore ordered, adjudged and decreed that the said Defendant Edward Bertrand be punished by imprisonment in the State Prison of the State of California, at Folsom.''

He was received at the State Prison at Folsom on June 22, 1938, and on January 9, 1940, the Board of Prison Terms and Paroles fixed his term at ''Life, in accordance with Penal Code sec. 644, subdivision 2.'' He now asks for his discharge on the ground that he has served the maximum term for the crime of which he was convicted, alleging that the information did not allege that he had served terms of imprisonment upon the prior convictions, that his admission as to said prior convictions was only an admission that he had suffered said prior convictions and not that he had served terms of imprisonment thereon, that no proof was made to the court that he had ever served such terms of imprisonment, that the trial court did not adjudge him to be an habitual criminal, and that the Board of Prison Terms and Paroles acted without authority of law in fixing his term at life imprisonment.

These contentions of petitioner appear to be sustained by the decisions of the courts of this state.

Section 1, chapter 339, of the Statutes of 1923 (Stats. 1923, p. 696) provides that punishment for possession of a blackjack shall be imprisonment in a state prison for not less than one year nor for more than five years. Petitioner has now been imprisoned for a period in excess of the maximum term.

Respondent, denying that petitioner is unlawfully detained, relies solely upon the judgment and commitment of the superior court. He attaches to his return copies of the judgment and information, and, at the time of the hearing herein, filed a copy of the judgment roll as an exhibit. His counsel argues that section 644 of the Penal Code as it read at the date of the offense charged in the information against petitioner did not require that one convicted of any felony, who had previously been three times convicted and served terms for prior offenses, must be adjudged an habitual criminal; that the material portion of that section provided that ''Every person convicted in this State of any felony who shall have been previously three times convicted, upon charges separately brought and tried, and who shall have served separate terms therefor in any State prison . . . either in this State, or elsewhere, of the crime of . . . , burglary, . . . grand theft, . . . forgery . . . , shall be punished by imprisonment in the State

prison for life and shall not be eligible for release on parole
...''; and that it does not appear therefrom that an affirma-
tive adjudication was essential. (Citing *People* v. *Lyle,* 21
Cal.App.2d 132, 135 [68 P.2d 378], and *People* v. *Vaile,* 2 Cal.
2d 441, 444-445 [42 P.2d 321].)

Conceding, on the authority of the cited cases, that,
if the judgment was otherwise sufficient, an affirmative adjudi-
cation by the trial court that the petitioner was an habitual
criminal was not essential in order to justify the imposition
of a life sentence by the board the fact remains that said
section 644 did provide that to justify life imprisonment, ser-
vice of terms on the prior convictions was requisite. Such
service was here neither alleged nor found; nor is it con-
tended by respondent that such service was proven. The in-
formation upon which petitioner was charged merely alleges
that he ''was received'' at the various prisons ''having been
convicted'' of the various felonies. The judgment merely re-
cites that petitioner admitted ''having suffered'' the prior
convictions ''charged in the information.''

In *People* v. *Murray,* 42 Cal.App.2d 209, 217 [108 P.2d
748], it was held that since the amendment of section 644 of
the Penal Code in 1931, which inserted a clause making actual
servitude for a prior conviction prerequisite to an adjudica-
tion that an accused is an habitual criminal, it has become
the settled law of this state ''that in order to invoke the opera-
tion of the habitual criminal statute the prosecution in addi-
tion to alleging and proving the fact of the prior conviction
must allege and prove that the accused has served a term of
imprisonment in a state prison or federal penitentiary for the
particular felony of which he is charged with having been
previously convicted, *and that the failure to allege or prove
such servitude is fatal to the adjudication, unless it appears
from the record in some manner that the accused has admitted
having served such term of imprisonment or that the court in
its judgment has so found.* (*In re Fontino,* 135 Cal.App. 466
[27 P.2d 413]; *In re McConnell,* 5 Cal.2d 436 [55 P.2d 205];
*People* v. *Birdsell,* 21 Cal.App.2d 682 [70 P.2d 231]; *People*
v. *Nicholson,* 34 Cal.App.2d 327 [93 P.2d 223].)'' (Italics
ours.) While *In re Boatwright,* 216 Cal. 677 [15 P.2d 755],
holds that the failure of an information specifically to allege
that a defendant had served time on each of the prior convic-
tions alleged against him is not necessarily fatal, the court
said, p. 681: ''It was essential, however, that proof of service

under said prior convictions in a penal institution be shown, in order to give the court jurisdiction to adjudge the defendant an habitual criminal." Again, in *People* v. *Nicholson*, 34 Cal.App.2d 327 [93 P.2d 223], it was held that it was necessary that the fact that such terms had been served should be established either by evidence or by the admission of the defendant before judgment was pronounced.

 Respondent admits the force of the foregoing decisions, but contends that since the testimony introduced in this case has not been transcribed, in the absence of same, due regularity must be presumed *in support of the sentence imposed,* and that the burden is upon petitioner to show error. (Citing *People* v. *McGee,* 24 Cal.App.2d 391, 394 [75 P.2d 533].) There might be some merit in this contention if the judgment of the court contained any finding that petitioner had served time on said priors. But there is no such finding. The determination that petitioner's term of imprisonment shall be life is solely that of the Board of Prison Terms and Paroles, whose duties are purely ministerial and which has no power to impose sentences. (*In re Lee,* 177 Cal. 690 [171 P. 958]; *People* v. *Sama,* 189 Cal. 153 [207 P. 893].) Its authority to fix a life term must be based upon a judgment authorizing such imprisonment, and presumptions are not to be indulged to support its action in the absence of a judicial determination authorizing it. Furthermore, it is alleged by petitioner, and not denied by respondent, that no proof was made that he had served terms on the priors charged.

The court said in *People* v. *Murray, supra,* at page 219, that since service of time after previous conviction is made one of the essential elements of the habitual criminal statute, it would be violative of one of petitioner's substantial rights to punish him therefor without charging and proving this element of the offense—that "before a sentence of life imprisonment be upheld, . . . it should affirmatively appear that the sentence is supported by a record which conforms to all of the essential requirements of the law." (Also see concurring opinion of Judge Curtis in *In re Boatwright,* 216 Cal. 677, at page 685 [15 P.2d 755].) The facts in the Murray case are practically identical with those here shown; and, as there said, petitioner "is entitled to the benefit of the record as thus made."

It appearing that petitioner has served a term greater than

five years, the writ should be granted and the prisoner discharged from custody.

It is so ordered.

Thompson, J., and Peek, J., concurred.