## THE PEOPLE *v.* DOUGHERTY.

An indictment under the eighty-ninth section of the Criminal Code for an offence committed on a vessel on her voyage in the inland waters of the State, should set forth all the facts, giving the extra-territorial jurisdiction under the section.

Under any other rule, an acquittal or conviction would be no bar to another indictment found in another county, having like jurisdiction over the same offence.

APPEAL from the Court of Sessions of the County of San Francisco.

The defendant was indicted for an assault with a deadly weapon, committed in the city and county of San Francisco, on the person of a Chinaman.

On the trial, the only witness examined testified that the offence was committed on the steamer New World, while she was about starting or was actually on her voyage from Sacraramento to the city of San Francisco. Defendant's counsel objected to this testimony on the ground that it was at variance with the charge specified in the indictment. The Court overruled the objection, and defendant excepted. The Court charged the jury, among other things, that "if the offence was committed before the steamer left her moorings at Sacramento, they must acquit the prisoner."

The jury having found a verdict of guilty, a motion for a new trial was made, which was denied, and the defendant sentenced to one year's confinement in the state prison.

From this judgment, and the order denying the motion for a new trial, this appeal was taken.

*Wm. Newton and Heydenfeldt* for Appellant.

The proof was, that the prisoner and prosecutor embarked on the steamer New World, lying at the wharf at Sacramento City, and that shortly after they went on board a dispute occurred between the defendant and some Chinamen, when the prisoner took up a common gin bottle and threw it at one of the Chinamen, striking him on the head or face with it.

That to give the Court jurisdiction of this cause under the Compiled Laws of California, § 89, p. 434, which reads "when an offence is committed within the State on board a vessel navigating a river, bay, or slough, or lying therein in the prosecution of her voyage, the jurisdiction shall be in any county through which the vessel is navigated in the course of her voyage, or in the county where the voyage shall terminate."

This statute is similar to one in England concerning offences committed on board vessels, coaches, etc., during a journey; and upon this it is laid down in Russell on Crimes, that the offence must be alleged in the indictment to have been committed in the county or place where it actually happened. Russell on Crimes, 6 Am. edition, p. 563, under marginal note of "time and place."

That if a statute confers jurisdiction upon a Court to try an offence committed out of the county where the Court is held, the same is a special or extraordinary jurisdiction, not warranted by the course of the common law, which only confers upon the Court jurisdiction of offences within its county, and the facts which confer a special or extraordinary jurisdiction should be alleged and set forth in the indictment.

That an acquittal or conviction upon the indictment in this

case in this county could not be pleaded in bar to an indictment or prosecution for the same offence in Sacramento county, or any other county through which the said steamer passed on her way to San Francisco.

The statute of this State declares, "When a former conviction or acquittal shall be a bar to another indictment for the same offence," as follows: "When the defendant shall have been convicted or acquitted upon an indictment, the conviction or acquittal shall be a bar to another indictment, for the offence charged in the former," etc. Comp. Laws, p. 461, § 307.

The prisoner here insists that under the statute last cited, the indictment upon which he has been convicted or acquitted, to form a good plea of *autre fois acquit,* or *autre fois convict,* must contain the same identical charge of the same offence charged in the second to which such plea is pleaded. 1 Russell on Crimes, Sixth Am. Ed., p. 835, states the same doctrine.

*W. T. Wallace, Attorney-General,* for Respondent.

The only question in the case which requires notice, is that of jurisdiction; but this indictment and conviction have been had under the section (89, p. 434, Comp. Laws) providing that when an offence is committed on board a boat navigating a river in this State, (whether at the time of the commission of the offence the boat was in motion or not, makes no difference,) the jurisdiction to inquire into that offence shall be in the Courts of "any county through which the vessel is navigated in the course of her voyage, or in the county where the voyage shall terminate."

Of course, this conviction is a bar to any further prosecution for the same offence instituted in any other county through which the New World was navigated in the course of her voyage.

It will be observed that the Court instructed the jury that if the offence was committed on board the vessel before she left her moorings at Sacramento, they must acquit the prisoner; and also, that unless they were notified that the vessel was under way at the time the bottle was thrown, they must acquit the prisoner.

It is submitted that these instructions were more favorable to the prisoner than they should have been.

MURRAY, C. J., delivered the opinion of the Court—BURNETT, J., concurring.

The appellant was indicted for an assault with a deadly weapon, alleged to have been committed in the county of San Francisco. On the trial, it was shown that the assault was committed on board the steamer New World, either while lying at her berth in Sacramento, or on her passage to San Francisco. The prosecution was commenced under the eighty-ninth section of the criminal code, which provides that "when an offence is com-

26

mitted within this State, on board of a vessel navigating a river, bay, or slough, or lying therein, in the prosecution of her voyage, the jurisdiction shall be in any county through which the vessel is navigated in the course of her voyage, or in the county where the voyage shall terminate."

The extra territorial jurisdiction thus conferred upon the Courts of the various counties situated upon the navigable waters of the State, is special in its character, and in derogation of the common law rule upon this subject; and whenever it is invoked, the facts and circumstances should be set out fully in the indictment. In this respect, the Court may be considered as exercising a special and limited jurisdiction, and the facts which give jurisdiction must be clearly alleged and satisfactorily proved.

There is great reason for this rule, for if these allegations can be dispensed with, then the defendant might be indicted, tried, and convicted, in every county through which a vessel might pass in making her voyage, and one conviction or acquittal would be no bar to another prosecution, as it would be impossible to determine that they were for one and the same offence.

The judgment of the Court below is reversed,. on account of the insufficiency of the indictment, and the cause remanded.