[No. 20627.   Department One. — June 24, 1890.]

THE PEOPLE, RESPONDENT, v. HARRY WILLIAMS,
APPELLANT.

CRIMINAL LAW — MOTION TO SET ASIDE INFORMATION — ALLEGED COMMIT-
MENT BY POLICE JUDGE— FAILURE OF EVIDENCE — PRESUMPTION UPON
APPEAL. — When a motion is made to set aside an information in the
superior court upon the alleged ground that the commitment was made
by a police judge having no jurisdiction to commit, and the record upon
appeal from a judgment of conviction upon such information does not
show by any evidence that the commitment was made by a person claim-
ing to be a police judge, the alleged facts will not be taken as true
without proof; but it will be presumed, in favor of the action of the court
below, that a proper commitment had been made by a duly qualified
magistrate.

APPEAL from a judgment of the Superior Court of
Los Angeles County, and from an order denying a new
trial.

The facts are stated in the opinion.

*Hugh J.* and *William Crawford*, for Appellant.

*Attorney-General Johnson*, for Respondent.

FOOTE, C. — The defendant, Harry Williams, was con-
victed upon an information for robbery. From the
judgment rendered in the premises, and an order refus-
ing a new trial, he appeals.

The ground apparently relied on for a reversal of
the judgment and order is, that the defendant was com-
mitted for trial after a preliminary examination before
M. T. Owen, assuming to act as a committing magistrate
by virtue of his being a judge of the police court in and
for the city of Los Angeles, at a time when there were
two justices of the peace or magistrates in and for said
city who had jurisdiction to act in the premises, which
it is claimed the police judge had not; that conse-
quently the court erred in denying the defendant's mo-
tion to set aside the information based on the claim

that he had never been legally committed by a magistrate.

The record does not show by any evidence whatever that M. T. Owen, claiming to be such police judge, ever committed the defendant for trial. We must presume, in the absence of anything showing the contrary, in favor of the action of the court below, that some duly qualified magistrate had, previous to the trial in the superior court, properly committed the defendant for such trial, but who he was does not appear, for it will not be taken for granted that the facts set up in the defendant's motion are true, without any proof as to the matter.

It follows, therefore, that the judgment and order should be affirmed, and we so advise.

BELCHER, C. C., and GIBSON, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.