[Crim. No. 2044. First Appellate District, Division One.—January 18, 1939.]

THE PEOPLE, Respondent, v. JAMES NOLAND, Appellant.

Ernest Spagnoli for Appellant.

U. S. Webb, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

KNIGHT, J.—Appellant was accused by information of having in his possession unlawfully a preparation of morphine in violation of the provisions of section 7 of the state Narcotic Act. (Stats. 1929, p. 380, as amended.) The information further charged that before the commission of said offense and on the 24th day of June, 1922, appellant was ''received at San Quentin Penitentiary, having been convicted in the Superior Court . . . of the crime of felony, to wit: Violating the State Poison Law . . . '' He pleaded not guilty to the charge of unlawful possession, admitted the prior conviction, waived a jury trial, and upon trial before the court was found guilty. He was sentenced to imprisonment in the state prison; and from said judgment of conviction he has taken this appeal.

As first ground for reversal appellant contends that the information does not conform to the requirements of subdivision 5 of section 959 of the Penal Code, in that it does not allege that the offense charged was committed prior to the filing of the information. There is no merit in the point. The provisions of the code section relied upon read: ''The . . . information . . . is sufficient *if it can be understood therefrom:* . . . 5. That the offense was committed at some time prior to the time of the . . . filing of the information.'' (Italics ours.) Here it was alleged in the information that the offense was committed on or about April 25, 1938; the information bears date June 7, 1938, and it was presented and filed in the superior court on June 16, 1938. The plain understanding to be had therefrom is, therefore, that the offense charged was committed at some time prior to the date of the filing of the information.

Appellant's next point is that his waiver of a jury trial was not consented to by his counsel. (Sec. 7, art. I, Const. of Cal.) The point is not well taken. At the opening of the trial a panel of jurors was present, but counsel then representing appellant stated to the court that appellant desired to waive a jury trial. The district attorney insisted, however, that appellant himself should so state; whereupon

for the purposes of the record appellant's counsel asked appellant whether he did waive a jury trial, and he answered in the affirmative. The district attorney then consented to the waiver; the panel of jurors was excused; the trial proceeded before the court; and the same counsel continued to represent appellant throughout the trial. It is quite evident that the proceedings thus had were legally sufficient to meet the requirements of the constitutional provision above cited.

Also without merit is appellant's further contention that the evidence is insufficient to sustain the conviction. He was apprehended by a police officer about 1 o'clock in the morning while loitering in Jefferson Park in San Francisco. In accounting for his presence there at that time he told the officer he had just parked his automobile in an alley near by and was on his way to get a cup of coffee and to telephone to friends in Sonoma County; that he intended driving up there to see them if he found they were home. Appellant produced the keys to the automobile, and after some further questioning by the officer they proceeded to the alley where appellant had parked his car, and upon opening the car the officer found therein appellant's personal belongings, but the car was registered in the name of Paul Sanderup. Deeming further investigation necessary, the officer drove the car to the police station, taking appellant with him. There the officer made a more thorough search of the car and found approximately half an ounce of morphine hydrochloride wrapped in tin foil, inside the car, hidden on top of the ignition wires behind the dashboard. Later that same morning appellant was questioned by a state narcotic officer and according to the latter's testimony appellant admitted having purchased the morphine from a man whose picture he identified, and in connection with the identification stated, so the officer testified, that he "got a good buy", paying therefor only $105 an ounce. No question was raised at the trial by appellant as to the ownership or possession of the car at the time of its seizure. As stated, it was registered in the name of Sanderup, but according to appellant's testimony he was buying it from the registered owner, and he admitted having had exclusive possession of it and that he had been driving the same for two months or more immediately preceding his arrest, and that on this particular occasion he had parked the car and locked it just a few minutes prior to the seizure. It also appears from the evidence that

appellant had been a user of drugs for more than fifteen years preceding his arrest, and on several occasions had served county jail sentences for unlawful possession.

Testifying as a witness in his own behalf, appellant denied having any knowledge of the presence of the morphine in his car. He intimated that it might have been left there by a man known to him as ''Shorty'' Wheeler, from Fallon, Nevada, who he said had been riding with him on the evening preceding his arrest, but whose whereabouts since then was unknown. In this regard he went on to say that he had known Wheeler some ten years before, at which time Wheeler informed him he was an addict. The authorities were unable to find any such person as Wheeler, nor could Sanderup be located. Appellant denied also having made any of the statements attributed to him by the narcotic officer. It is apparent, however, that appellant's entire testimony at the most created but a conflict with the evidence produced by the prosecution, and in view of certain contradictory statements made by him at the time of and following his arrest, the trial court, as trier of the facts, was doubtless warranted in resolving such conflict against him.

Appellant's remaining point is that the prior conviction was defectively pleaded in that it was not alleged that pursuant thereto he had served a term in some penal institution. It has been held, however, that where the charge of prior conviction is based on a statute which contains no clause making the element of penal servitude under the prior conviction essential to the imposition of a more severe penalty, it is not necessary so to allege (*In re McConnell*, 5 Cal. (2d) 436 [55 Pac. (2d) 205]) ; and this is such a case. The prior conviction is based on section 7 of the Narcotic Act, which, unlike the Penal Code sections (see Pen. Code, secs. 644, 666, and 667) does not embody any such clause. It prescribes a more severe penalty ''if such person has been previously convicted of a felony'', and omits all reference to the element of penal servitude as the result of such prior conviction. In any event, the question of whether or not the charge of prior conviction was insufficiently pleaded would seem to be entirely immaterial so far as appellant's rights are concerned for the reason that the judgment pronounced by the trial court makes no reference whatever to the prior conviction. It reads as follows: ''And no sufficient cause being

shown or appearing to the Court, thereupon the Court renders its judgment. JUDGMENT. That whereas, the said Defendant James Noland, having been duly convicted in this Court of the crime of Felony, to-wit: Violating the State Narcotic Act. SENTENCE. It is therefore ordered, adjudged and decreed that the said Defendant, James Noland be punished by imprisonment in the State Prison of the State of California. The Defendant, James Noland, was then remanded to the custody of the Sheriff of the City and County of San Francisco, to be by him taken to the Warden of the State Prison at Folsom, California.'' Therefore, being silent upon the matter of a prior conviction, the judgment must be construed as one imposing a sentence for a first offense only. (*People* v. *Dawson,* 210 Cal. 366 [292 Pac. 267]; *People* v. *Arnest,* 133 Cal. App. 114 [23 Pac. (2d) 812].) As so construed, the judgment is affirmed.

Tyler, P. J., and Ward, J., concurred.