[Crim. No. 4502. In Bank. Dec. 21, 1943.]

In re ANDREW SCHNEIDER, on Habeas Corpus.

Andrew Schneider in pro. per., for Petitioner.

Robert W. Kenny, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

SHENK, J.—On September 14, 1938, the petitioner was sentenced to serve the period of time prescribed by law in the State Prison at Folsom for violation of section 476a of

the Penal Code. He was committed on February 15, 1940. The Board of Prison Terms and Paroles fixed his term of imprisonment at ten years (last three and one-half years on parole), based on the crime of "issuing check without sufficient funds & (7) Priors". The sentence so fixed with credits would expire on May 23, 1946. The prisoner was released on parole on November 23, 1942. He violated the condition and his parole was revoked in May 1943. In June 1943 he filed the present petition whereby he seeks his discharge on the ground that he has served the full period of time prescribed by law.

The petition raises the question whether the board should have treated the petitioner as a first offender. The record of conviction shows that the information as amended accused the petitioner of the violation of said section 476a and seven prior convictions of a felony. The statement of the historical facts in the arraignment for judgment and sentence recited the accusations, the plea of not guilty, the denial of the seven prior convictions, the fact of trial, the verdicts of the jury as " 'Guilty as charged'—seven prior convictions of a felony, true," the denial of various motions, the inquiry by the court if he had any legal cause to show why judgment should not be pronounced against him and Schneider's reply that he had none. The judgment and sentence followed: "And no sufficient cause being shown or appearing to the court, thereupon the court renders its judgment: That whereas the said Defendant Andrew Schneider having been duly convicted in this Court of the crime of Felony, Violating section 476a of the Penal Code, It is therefore ordered, adjudged and decreed that the said defendant Andrew Schneider be punished by imprisonment in the State Prison of the State of California . . . at Folsom, California." The petitioner prosecuted an appeal from the judgment, on the ground among others that the evidence did not support the verdict of guilty on the charge of violation of said section 476a nor the finding that the charge of seven prior convictions was true. The judgment was affirmed (*People* v. *Schneider*, 36 Cal.App.2d 292 [98 P.2d 215]), the District Court of Appeal holding that there was no merit in any of the appellant's contentions with the exception of the contention that the evidence was insufficient to support the finding of truth in the charge of seven prior convictions, and as to the latter contention the court said: "Appellant further con-

tends that the evidence is insufficient to prove the prior convictions. Regardless, however, of the question of proof, it is apparent that the matter of the prior convictions cannot operate to appellant's prejudice for the reason that the clerk's and the reporter's transcripts alike show that in pronouncing judgment the trial court ignored entirely the matter of the prior convictions and sentenced appellant merely as a first offender, and therefore he must be treated as such. (*People* v. *Noland*, 30 Cal.App.2d 386 [86 P.2d 363]; *People* v. *Dawson*, 210 Cal. 366 [292 P. 267]; *People* v. *Arnest*, 133 Cal. App. 114 [23 P.2d 812].) ''

Since the judgment on appeal in *People* v. *Schneider* this court has rendered the decision in the case of *In re Basuino*, 22 Cal.2d 247 [138 P.2d 297]. There the defendant pleaded guilty to a charge of violating the State Narcotic Act and admitted one prior conviction of a felony, but, as in this case, the judgment as actually pronounced omitted reference to the prior conviction, although the appropriate recitation in the minutes of the court disclosed the charge and the plea. The question arose whether the Board of Prison Terms and Paroles might properly consider the accompanying record as supplementing the judgment and construe it as imposing the sentence which the law ordained. It was determined that the board must so view the judgment and that it had properly taken into consideration the plea of guilty to the charge of the prior conviction when it fixed the term to be served by the defendant. The cases of *People* v. *Noland*, 30 Cal.App. 2d 386 [86 P.2d 363], and *People* v. *Schneider, supra,* were distinguished in the Basuino case because it did not appear from the reporter's or clerk's transcripts in those cases what actually occurred on the arraignment for judgment.

The record here presented, however, indicates the controlling effect of the Basuino decision on the present proceeding were it not for the holding of the District Court of Appeal in the Schneider case that the appellant must be treated as a first offender. That holding has become the law insofar as the petitioner is concerned. That decision is the law of the case and determines the petitioner's rights and obligations. (*In re Passerello*, 93 Cal.App. 443 [269 P. 719].) In accordance with that decision, he must be treated by the Board of Prison Terms and Paroles as a first offender in determining the period of time to be served for violation of said section

476a. True, the ten year term fixed by the board is within the fourteen year maximum prescribed by that section, and it may be said that the board would have acted within its powers in fixing a sentence of ten years for a first offender. But the minimum, as well as the maximum term of imprisonment is a factor to be considered in the exercise of the board's power to determine the period of imprisonment in a particular case. Section 18a of the Penal Code prescribes a minimum of six months for a first offender. Under section 3024(c) a minimum of five years must be served by a prisoner who had previously been convicted of a felony. It is a fact that the board in fixing his term at ten years took into consideration the petitioner's prior convictions and treated him as one who was required to serve the minimum five year term. It is immaterial that the board could have arrived at the same determination as to the maximum period of time had it treated him as a first offender. It was incumbent upon the board so to treat the petitioner and fix the sentence on a basis of a six month rather than a five year minimum.

However, inasmuch as this court cannot say as a matter of fact that the petitioner has served the full time required by law, he may not be discharged in this proceeding. His possible discharge depends upon the redetermination by the board of the term of his sentence, based on the minimum of six months' imprisonment provided by said section 18a.

The petitioner should therefore be remanded to custody without prejudice to a redetermination by the Board of Prison Terms and Paroles of the sentence to be served by the petitioner as a first offender.

It is so ordered.

Gibson, C. J., Curtis, J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., concurred.