**UNITED STATES of America,**
**Plaintiff,**

v.

**Vito BOLOGNA, Defendant.**

**Cr. No. 29040.**

United States District Court
S. D. California, S. D.

Feb. 29, 1960.

"The Grand Jury charges:

"On or about February 10, 1959, in the United States District Court for the Southern Division of the Southern District of California, San Diego, California, defendant Vito Bologna, a citizen of the United States, was convicted of a violation of a narcotic law of the United States, to-wit: United States Code, Title 18, Section 1407, failure of narcotic user to register, the penalty for which offense is imprisonment for more than one year.

"On or about December 22, 1959, defendant Vito Bologna did return to and enter into the United States at the port of San Ysidro, San Diego County, within the Southern Division of the Southern District of California, without registering with a customs official, agent or employee at said point of entry as required by law, and without surrendering the certificate, required by law to be obtained by said defendant upon leaving the United States, to said customs official, agent or employee."

The defendant was arraigned, and his counsel stating that a motion to dismiss the indictment would be made, the matter was continued for plea pending said motion.

The motion to dismiss the indictment recites the following grounds:

"1. That said Indictment fails to describe a crime under the laws of the United States.

"2. That said Indictment fails to state facts sufficient to constitute an offense against the laws of the United States.

"3. The particular matter in which said Indictment proceeds is an unconstitutional application of Title 18, Section 1407, of the United States Code, under the due process of the Fifth Amendment of the United States Constitution for it can not be ascertained from said Indictment how or in what manner a previous conviction under Title 18,

Laughlin E. Waters, U. S. Atty., Los Angeles, Cal., George Kell, Asst. U. S. Atty., San Diego, Cal., for plaintiff.

Murry Luftig, San Diego, Cal., for defendant.

WEINBERGER, District Judge.

On January 20, 1960 an indictment was returned herein which reads as follows:

Section 1407 of the United States Code is a prior conviction of a violation of a narcotics or marijuana law of the United States which would require registration under the provisions of Title 18, Section 1407 of the United States Code.

"4. That said Indictment does not allege facts sufficient to constitute a crime under the laws of the United States in that a previous conviction under Section 1407 of Title 18 of the United States Code is not a previous conviction of a violation of any of the narcotics or marijuana laws of the United States or any State."

It thus appears that the defendant was convicted of failing to register as a "user" of narcotics, a violation of Section 1407 of Title 18 U.S.C.A., and that he is now charged with violating the same section for failing to register as a convicted violator of a narcotic law.

■ The question before the Court is simply: "Is Section 1407 of Title 18 U.S.C.A. a narcotic law of the United States."

Counsel for the defendant maintains that conviction of a narcotic law means conviction of offenses such as selling, furnishing, using or transporting or smuggling narcotics; that Section 1407 is a statute defining a procedural crime, failure to register.

The purpose of Section 1407 is well stated in said Section, to give effect to the obligations of the United States under certain treaties, and "to facilitate more effective control of the international traffic in narcotic drugs, and to prevent the spread of drug addiction."

■ We have not been furnished with any authority to show us that the stated purpose of a law conclusively determines its classification. We do feel, however, that when the logical effect of enforcement of the act would coincide with its purpose, the nature of the act may be thus determined.

■ This Court takes judicial notice that most of the narcotic drugs used by citizens of the United States come from other countries, and there is great public danger of attempts to smuggle such drugs into the country every time an addict or user crosses the boundary line. Reyes v. United States, 9 Cir., 258 F.2d 774; United States v. Eramdjian, D.C., 155 F.Supp. 914, 918. And, as was stated by Judge Carter in the case last cited: "It is a fair and logical conclusion * * * that special attention, scrutiny, registration and recording of such classes of persons most prone to smuggle such drugs into the United States, to be made upon the occasion of their leaving the United States and particularly on their return to the United States from Mexico, would materially assist in controlling the illicit traffic in narcotics and marihuana across the international boundary."

The logical effect of Section 1407 of Title 18 U.S.C.A. thus coincides with its stated purposes, and we hold that a person convicted of a violation of such Section must follow its registration requirements directed to one convicted of the violation of a narcotic law of the United States.

Counsel also argues that Congress did not, by Section 1407, require that any one who had ever been an addict to or a user of narcotics should register, and we agree that in this contention he is correct.

We observe, in Reyes v. United States, supra, the Court of Appeals of this Circuit appended a note at page 785 of 258 F.2d, note 9 as follows:

" 'Narcotic offenders are generally recidivistic in that the addict by definition is engaged in a course of repetitious behavior and those engaged in selling narcotics are predominantly either professionals or addicts.' Criminal Registration Ordinances, 103 U. of Pa.L.Rev. 60, 67, n. 38 (1954)."

Narcotic users tend to be recidivistic also; were this not a fact, there would be no narcotic addicts. And, while the statute does not provide that a person once a user must, during his life time,

register each time he crosses the border, we are of the view that such a requirement might well be within the purpose of the Act.

We must point out, however, that here it was not the past use of narcotics by the border-crossing citizen which made his registration required, but his previous conviction of the Section involved herein.