Richard Leigh ADAMS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 17546.

United States Court of Appeals
Ninth Circuit.

Feb. 2, 1962.

328

Benjamin Lazarow, Tucson, Ariz., for appellant.

C. A. Muecke, U. S. Atty., James J. Brosnahan, Jr., Asst. U. S. Atty., Phoenix, Ariz., and Sheldon Green, Sp. Asst. to U. S. Atty. of Phoenix, Ariz., for appellee.

Before HAMLIN and DUNIWAY, Circuit Judges, and SOLOMON, District Judge.

DUNIWAY, Circuit Judge.

Appellant was convicted of a violation of 18 U.S.C. § 1407, which provides that

no citizen of the United States "who has been convicted of a violation of any of the narcotic or marihuana laws of the United States, or of any State thereof, the penalty for which is imprisonment for more than one year, shall depart from or enter into or attempt to depart from or enter into the United States, unless such person registers, under such rules and regulations as may be prescribed by the Secretary of the Treasury with a customs official, agent, or employee at a point of entry or a border customs station".

■ It was proved that appellant departed from the United States into Mexico on May 6, 1960, without registering. It was also proved that on October 9, 1953, appellant, then 20 years of age, had been found guilty in the Superior Court of the State of California, City and County of San Francisco, of being in possession of marihuana in violation of Section 11500 of the California Health and Safety Code. The penalty for such a conviction was imprisonment in the county jail for not more than one year, or in the state prison for not more than ten years. (California Health and Safety Code, § 11712) Thus, the offense is one "the penalty for which is imprisonment for more than one year". (Reyes v. United States, 9 Cir., 1958, 258 F.2d 774)

Pursuant to the California Welfare and Institutions Code, § 1731.5, the California Superior Court adjudged that appellant, "having been duly convicted * * * of the crime of Felony * * be punished by commitment to the California Youth Authority for the term prescribed by law". This is in accord with the provisions of California Penal Code, §§ 17, 1168, and such a commitment is a judgment. (Cal.Welf. & Inst.Code § 1737.5; Penal Code § 1191 ff.)

Appellant sought to prove that on May 2, 1958, the Youth Authority honorably discharged him from its control. The evidence was excluded. No proof was offered that the California court had set aside the verdict of guilty and dis-missed the accusation against appellant (see Cal.Welf. & Inst.Code § 1772), and it was conceded at oral argument that no such action had been taken.

Two points are urged: 1, that appellant was not "convicted" by the state court within the meaning of 18 U.S.C. § 1407, and 2, that the court erred in excluding the proffered evidence. The same points are urged in support of appellant's claim of error in the denial of his motion for a new trial. We find that neither point has merit, and we therefore affirm.

1. *Appellant was "convicted" by the California Court.*

Appellant claims, in substance, that Congress, in referring to one who has been "convicted of a violation of * * * laws * * * of any State" meant convicted in the sense in which the state (here, California) uses the term, and that, under California law, commitment to the Youth Authority is not conviction. To this there are two answers.

■■ First, we do not think that 18 U.S.C. § 1407 incorporates all of the niceties and nuances of state laws on the subject of conviction. (cf. Arrellano-Flores v. Hoy, 9 Cir. 1958, 262 F.2d 667) The section must have been intended to have a reasonably uniform operation. The California judgment recites a conviction and a punishment—the usual indices of conviction. The particular form of punishment arises from the fact that, at the time, appellant was 20 years old. We have held that suspension of the imposition of sentence and granting of probation, following a plea or finding of guilt, is nevertheless a conviction (Tanzer v. United States, 9 Cir., 1960, 278 F. 2d 137, involving a prior federal conviction; Wood v. Hoy, 9 Cir., 1959, 266 F. 2d 825, involving a prior California conviction; Arrellano-Flores v. Hoy, supra, 9 Cir., 1958, 262 F.2d 667, also involving a prior California conviction). *A fortiori* this case involves a prior conviction, for here the California court did not suspend the imposition of sentence, but imposed it, and did not grant probation, but punished appellant by commitment to the

Youth Authority for the term prescribed by law (not more than 10 years). This, in our opinion, would be a conviction within the meaning of 18 U.S.C. § 1407, even if our decisions in the three cases just cited were in error.

■ Second, we have no doubt that, under California law, appellant was convicted by the California court. California Welfare and Institutions Code, § 1737.5, provides that a commitment to the Authority is a judgment. Either before or at the time of his coming of age, appellant could have been transferred to a state prison (Cal.Welf. & Inst.Code §§ 1737.1, 1780–1782). While our attention has not been directed to any California case directly in point, we think that the following fully support our views: People v. Rick, 1952, 112 Cal. App.2d 410, 246 P.2d 691; People v. Acosta, 1931, 115 Cal.App. 103, 1 P.2d 43; People v. Banks, 1959, 53 Cal.2d 370, 1 Cal.Rptr. 669, 348 P.2d 102; People v. Walters (1961), 190 Cal.App.2d 98, 11 Cal.Rptr. 597.

2. *The proffered evidence was properly excluded.*

The evidence was offered to bring into play the provisions of Section 1772 of the California Welfare and Institutions Code, which reads as follows:

> "Every person honorably discharged from control by the Authority who has not, during the period of control by the Authority, been placed by the Authority in a state prison shall thereafter be released from all penalties and disabilities resulting from the offense or crime for which he was committed, and every person discharged may petition the court which committed him, and the court may upon such petition set aside the verdict of guilty and dismiss the accusation or information against the petitioner who shall thereafter be released from all penalties and disabilities resulting from the offense or crime for which he was committed.

> "Every person discharged from control by the Authority shall be informed of this privilege in writing at the time of discharge.

> "'Honorably discharged' as used in this section means and includes every person whose discharge is based upon a good record on parole."

There is some question whether the proffered evidence would bring appellant within any part of the section. It is admitted that he did not petition to have the verdict set aside and the accusation dismissed. Further, it does not affirmatively appear that he was not placed in a state prison by the Youth Authority. However, it seems to be conceded that he was not (see People v. Lockwood, 146 Cal. App.2d 189, 303 P.2d 621, holding that the Vocational Institution maintained by the Youth Authority at Lancaster is not a state prison). We therefore will assume that appellant's proof would bring him within the first clause of the section.

Appellant claims that the effect of the first clause which says that he "shall *thereafter* be released from all penalties and disabilities resulting from the offense or crime for which he was committed" (emphasis ours) has the effect of wiping out the conviction, so that he no longer falls within 18 U.S.C. § 1407. We do not agree, and for several reasons.

■ a. We have already indicated that the applicability of § 1407 does not depend upon all of the peculiarities of the laws of the various states. We think that this is particularly true with reference to such a statute as California's. We are told that it is almost unique in this country. (Comment, 2 Stan.L.R. 221, 222. See, however, Nevada Rev.Stat. § 176.-340, and 18 U.S.C. § 5021). It would defeat the purposes of § 1407, which we discussed at some length in Reyes v. United States, supra, 9 Cir., 1958, 258 F.2d 774, if provisions of local law, dealing with rehabilitation of convicted persons, could remove them from the ambit of § 1407. Many of the states have such provisions, but most of them do not re-

ward the convicted by a technical wiping out of the conviction. Thus, under appellant's theory, most persons who are as fully rehabilitated as he would have to register, whereas he, because of the peculiarity of California law, would not. We do not think Congress intended such a result. As we said in Wood v. Hoy, supra, 266 F.2d 825, at p. 828: "Because California courts retain some control over the final disposition of a probationer's criminal record, it does not follow that such control precludes a finding that the probationer was 'convicted' by that court."

■ b. Our view is strengthened by the fact that the California Supreme Court, in construing a similar statute,[1] has said that "The 'penalties and disabilities' to which the probation statute refers are those which it is within the power of the legislative branch of the government to release." (In re Phillips, 1941, 17 Cal.2d 55, 109 P.2d 344, at p. 347, 132 A.L.R. 644.) Assuming that the registration requirement of § 1407 is a "penalty" or "disability", we do not think that, being imposed by the Congress, it is one that the California legislature can release.

■ c. We do not think that the registration requirement of § 1407 is a "penalty" or "disability", even though a penalty may follow its violation. (cf. United States v. Bologna, S.D.Cal.1960, 181 F.Supp. 706, aff'd., Bologna v. United States, 9 Cir., 1961, 287 F.2d 559) As we pointed out in Reyes, supra, the purpose of requiring registration is not to punish but to assist in the suppression of the international traffic in narcotics. (Cf. Meyer v. Board of Medical Examiners, 1949, 34 Cal.2d 62, 206 P.2d 1085, p. 1088.)

■ d. We do not think that, under California law, appellant's honorable discharge "wiped out" his conviction. The second clause of § 1772 of the Welfare and Institutions Code provides, in permissive but not mandatory language, a method of doing so. The California Supreme Court, again construing a comparable statute,[1] has held that its provisions are not effective even where a defendant has a *right* to the court's order but has not obtained it. People v. Banks, 1959, 53 Cal.2d 370, 1 Cal.Rptr. 669, 348 P.2d 102. Thus, even assuming that under § 1772 appellant's honorable discharge would entitle him, as of right, to an order of the California court setting aside his conviction and dismissing the proceeding against him, this does not mean that his conviction has been "wiped out" when he has not obtained the order.

■ e. Finally, it appears that, even if appellant had obtained the court order provided for in Welfare and Institutions Code, § 1772, his conviction would not have been "wiped out" for all purposes under California law. As the California Supreme Court said In re Phillips, supra, such an order is not "analogous to an order granting a new trial or to the reversal of a judgment of conviction on appeal". The court pointed out that the

1. § 1203.4 of the California Penal Code, which provides:
   "Every defendant who has fulfilled the conditions of his probation for the entire period thereof, or who shall have been discharged from probation prior to the termination of the period thereof, shall at any time thereafter be permitted by the court to withdraw his plea of guilty and enter a plea of not guilty; or if he has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and in either case the court shall thereupon dismiss the accusations or information against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted. The probationer shall be informed of his right and privilege in his probation papers. The probationer may make such application and change of plea in person or by attorney, or by the probation officer authorized in writing; provided, that in any subsequent prosecution of such defendant for any other offense, such prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed."

latter are based on errors affecting the validity of the conviction, while a probation pre-supposes guilt. It said that Sections 1203–1203.4 of the California Penal Code "are concerned with mitigation of punishment and confer discretion upon the courts in dealing with a convicted defendant. The power of the court to reward a convicted defendant who satisfactorily completes his period of probation by setting aside the verdict and dismissing the action operates to mitigate his punishment by restoring certain rights and removing certain disabilities. But it cannot be assumed that the legislature intended that such action by the trial court under section 1203.4 should be considered as obliterating the fact that the defendant had been finally adjudged guilty of a crime. This is made clear by the provision that the fact of the defendant's conviction can be used against him in any later prosecution, despite dismissal of the action under section 1203.4. In brief, action in mitigation of the defendant's punishment should not affect the fact that his guilt has been finally determined according to law. Such a final determination of guilt is the basis for the order of disbarment in this case. That final judgment of conviction is a fact; and its effectiveness cannot be nullified for the purpose here involved, either by the order of probation or by the later order dismissing the action after judgment." (109 P.2d at p. 347.)

There was no statutory exception to California Penal Code § 1203.4 relating to disciplining attorneys when In re Phillips was decided. In each of the following cases, a similar result, not based upon any statutory exception, was reached: Meyer v. Board of Medical Examiners, 1949, 34 Cal.2d 62, 206 P.2d 1085 (discipline of a physician), Vaughn v. Jonas, 31 Cal.2d 586, 191 P.2d 432 (prior guilty plea as admission in civil action). Thus, it makes no difference that there are no statutory exceptions to California Welfare & Institutions Code § 1772, while there are now many such exceptions to Penal Code § 1203.4

(See Cal.Bus. & Prof.Code §§ 2383, 2384, 6102, 10177, 10302, 10562; Ed. Code § 12911; Pen.Code § 290, Veh.Code § 13555). The facts in In re Ringnalda, D.C.Cal., 1943, 48 F.Supp. 975, on which appellant principally relies, are quite different from the facts of the present case. We express no opinion as to whether Ringnalda was correctly decided.

 In short, we are of the opinion that the honorable discharge of appellant by the California Youth Authority did not wipe out his conviction for the purposes of this case. The evidence was properly excluded, as it could have no effect upon the determination of his guilt.

Affirmed.