[Civ. No. 12911. Third Dist. Aug. 10, 1971.]

ORVAL WAYNE PARKS, Petitioner, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Bradford & Stanley and Jerome S. Stanley for Petitioner.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., and Carol Hunter, Deputy Attorneys General, for Respondent and Real Party in Interest.

## OPINION

**PIERCE, P. J.**—Petitioner, honorably discharged from the custody of the California Youth Authority, seeks a writ of mandate ordering the superior court to comply with the provisions of Welfare and Institutions Code section 1772 by setting aside the verdict of guilty and dismissing the information under which petitioner was previously committed to the Youth Authority.

The superior court denied petitioner's request for relief on the basis of its interpretaton of section 1772 as discretionary. Petitioner contends that the section is mandatory as to one honorably discharged from the Youth Authority and discretionary only insofar as it relates to those discharged from custody in some other status.

Section 1772 is quoted in full in the margin.[1] In it two classes of minors are described: (a) persons *honorably* discharged, and (b) every person discharged. As to the former the section states: "Every person honorably discharged from control by the authority . . . [except those who during incarceration have been placed in a state prison] *shall* thereafter be released *from all penalties and disabilities resulting from the offense or crime for which he was committed, . . .*" (Our italics.) That provision is *substantive.* The next provision is procedural. It permits "every person discharged" to petition the court to set aside the verdict of guilty and dismiss

---

[1]Section 1772 provides as follows: "Every person honorably discharged from control by the authority who has not, during the period of control by the authority, been placed by the authority in a state prison shall thereafter be released from all penalties and disabilities resulting from the offense or crime for which he was committed, and every person discharged may petition the court which committed him, and the court may upon such petition set aside the verdict of guilty and dismiss the accusation or information against the petitioner who shall thereafter be released from all penalties and disabilities resulting from the offense or crime for which he was committed.

"Every person discharged from control by the Authority shall be informed of this privilege in writing at the time of discharge.

" 'Honorably discharged' as used in this section means and includes every person whose discharge is based upon a good record on parole."

the accusation or information and says "the court *may* upon such petition set aside the verdict," etc. (Italics ours.)

The reason that the court in this case, deeming its obligation to grant the petition to be discretionary, refused so to do was that in the report of the probation officer it had been shown that petitioner's conduct subsequent to his honorable discharge (December 22, 1960) had been far from "honorable."[2]

■ The word "shall" connotes mandatory action, whereas the word "may" connotes discretionary action. (*Cannizzo* v. *Guarantee Ins. Co.* (1966) 245 Cal.App.2d 70, 73 [53 Cal.Rptr. 657].) ■ It is a well-established rule of statutory construction that every word, phrase, sentence and part of an act should be considered significant with the resulting interpretation giving effect to the intent of the Legislature. (*Mercer* v. *Perez* (1968) 68 Cal.2d 104, 112 [65 Cal.Rptr. 315, 436 P.2d 315].) ■ "[A] court is prohibited from such a construction as will omit a portion of a statute." (*Id.*, at p. 117, citing Code Civ. Proc., § 1858.) A court is required to construe a statute in order to effectuate all of its provisions. (*Burks* v. *Poppy Construction Co.* (1962) 57 Cal.2d 463, 470 [20 Cal.Rptr. 609, 370 P.2d 313].)

Superficially there appears to be some ambiguity in the section. Explanation occurs and light dawns when the history of section 1772 is read. It was enacted in 1941 (Stats. 1941, ch. 937, p. 2532). As it then read there was no mention of an "honorable" discharge as being a condition to the relief petitioned for (the same relief as now afforded). By use of the word "may" a discretionary grant of that relief was clearly evidenced as the legislative intent. The amendment in 1949 (Stats. 1949, ch. 235, p. 459) added the word "honorably" before "discharged" and defined "honorably discharged" as we have copied it above. (See fn. 1.)

■ We therefore construe the Legislature to have intended by the amendment to confer upon the person affected the absolute right, where and as soon as his honorable discharge has occurred, to receive the relief granted *by statute.* Action by the court was only a procedural step to that end, and the failure to amend the latter portion of the first paragraph may represent recognition of the procedural routine or may instead have resulted from inadvertence.

---

[2]Reference is made to a 1961 arrest and conviction for burglary and the service of a one year county jail term therefor; to an arrest in 1970 on charges of violating Health and Safety Code sections 11531 (transportation of marijuana) and 11912 (transportation, sale, etc., of restricted dangerous drug); Penal Code section 496 (receiving stolen property); and Penal Code section 12021 (possession of deadly weapon by previously convicted felon). The 1970 charges were still pending at the time the petition was denied.

The section particularly as amended in 1949 is "incentive" legislation. "Honorable discharge" means more than just any release. It is a prize for good behavior, and it is won when the honorable discharge takes place. To say that the Legislature intended to hold out the apple and then withdraw it (in the discretion of the judge) for some future act is more than just to disclaim the rules of construction of statutes we have stated above. It is to frustrate the obvious purpose of a law designed to rehabilitate delinquent youths by extending to them parole with a goal at which to aim, together with the assurance that when that goal has been reached a real "head start" would be guaranteed.

Unfortunately not every person "honorably discharged," released from parole and restored to society will stay out of trouble. Obviously this youth did not. We construe a statute. We hold it contemplated as regards "honorably discharged" persons a right conferred by fulfillment of the condition specified with court action only evidencing the right already granted.

That right entitled petitioner to "be released from all penalties and disabilities resulting from the offense or crime for which he was committed" and to have the court "set aside the verdict of guilty and dismiss the accusation or information. . . ."

*Adams* v. *United States* (9th Cir. 1962) 299 F.2d 327, is distinguishable. It involved a 20-year-old minor who had been convicted of violating a federal statute (18 U.S.C. § 1407). That section provides that a person convicted of a narcotic offense shall not depart from or enter the United States without registration of the conviction. Defendant's claim of innocence was based on the fact that he had received an honorable discharge under section 1772. In *Adams* v. *United States, supra,* the court held that the conviction was proper, that Congress had not intended to adopt "all of the niceties and nuances of state laws on the subject of conviction" when it enacted the registration law, that defendant had been convicted of possession of marijuana as distinct from having had sentence suspended, that California had not "wiped out" the conviction in the enactment of section 1772. It says further on page 331: "The second clause of § 1772 of the Welfare and Institutions Code provides, in permissive but not mandatory language, a method of doing so. The California Supreme Court, again construing a comparable statute, has held that its provisions are not effective even where a defendant has a *right* to the court's order but has not obtained it. People v. Banks, 1959, 53 Cal.2d 370, 1 Cal.Rptr. 669, 348 P.2d 102. Thus, even assuming that under § 1772 appellant's honorable discharge would entitle him, as of right, to an order of the California court setting aside his conviction and dismissing the proceeding against him, this does not mean that his conviction has been 'wiped out' when he has not obtained the

order." We agree with the holding of the *Adams* case and with most of its language.[3] Because of the amendment to section 1772, we are not in accord with that portion of the dictum which states that court action on the right conferred is discretionary. *Adams,* however, appears to assume that that portion of the opinion *is* dictum when it assumes further that "appellant's honorable discharge would entitle him, as of right, to an order of the California court setting aside his conviction and dismissing the proceeding against him." In the sense in which the federal circuit court uses the words the petitioner's conviction is not "wiped out." But in the words of the statute it *is* "set aside" and the accusation or information *is* dismissed.

Let the peremptory writ issue as prayed for.

Friedman, J., and Janes, J., concurred.

---

[3]The "comparable statute" referred to in *Adams* and referred to in *People* v. *Banks, supra,* was Penal Code section 1203.4. Its provisions were comparable to those cases but not comparable here. It provides that in the event of a subsequent offense proof thereof "shall have the same effect as if probation had not been granted or the accusation or information dismissed."